State ex rel. v. Thompson.

149 441
162 335
162 336
149 441
174 706
98a 109

STATE ex rel. ZIEGENHEIN, Collector, v. THOMPSON, Plaintiff in Error.

## Division Two, May 9, 1899.

1. **Practice**: NO CAUSE OF ACTION: REVERSAL ON APPEAL. If a petition fails to state facts sufficient to constitute a cause of action it is error on the face of the record proper, for which the judgment will be reversed, though no objection was made to it by motion for a new trial or in arrest—unless the defects are such as are cured by the statute of jeofails.

2. ———: TAXATION: JUDGMENT AGAINST LESSEE. Lands and real estate are required to be assessed for taxes in the name of the owner. Where the petition and tax bills show that one defendant is the owner and another is the lessee, and there was no assessment of the leasehold, and at the trial the State dismisses as to the owner, a judgment against the lessee is invalid.

3. ———: ———: ———: OWNER'S DENIAL OF OWNERSHIP. Nor is such judgment made valid by the fact that the party against whom the property was assessed and who is charged in the petition to be the owner, in his answer charges that the other defendant is the owner of the building, if the suit is dismissed as to him, and the party charged to be the lessee files a general denial.

*Error to St. Louis Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

CAMPBELL & RYAN for plaintiff in error.

(1) The petition states no cause of action against defendant Judson M. Thompson and hence the judgment rendered in this case was erroneous and should be reversed. It is settled that this court will reverse a judgment obtained upon a petition which fails to state a cause of action, though no objection was made thereto in the lower court. Childs v. Railroad, 117 Mo. 414; State ex rel. v. Hoyt, 123 Mo. 537;

State ex rel. v. Bland, 144 Mo. 534. (2) The levying of taxes is a matter solely of statutory creation, and no means can be resorted to to coerce the payment, other than those pointed out in the statutes. Carondelet to use v. Picot, 38 Mo. 125; State ex rel. v. Snyder, 139 Mo. 549. (3) The Revised Statutes 1889, sections 7681 to 7684 inclusive, provide the method of collecting taxes against land, which is by enforcement of the State's lien, by suit against the owner. Abbott v. Lindenbower, 42 Mo. 167. (4) A glance at the sections of the statutes of Missouri, sections 7510, 7553, 7555, 7557, 7679, 7681, 7682, 7683, 7684 and 7699, show that the property must be assessed to the owner. And where land is required to be assessed to the owner, but is assessed to another, the proceedings are void. Hume v. Wainscott, 46 Mo. 145.

E. C. SLEVIN for defendant in error.

(1) The petition states a cause of action against plaintiff in error. He was a necessary party to the action, being the owner of a lease of the premises. His interest in the property could not otherwise have been affected. Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472; Williams v. Hudson, 93 Mo. 524. (2) A lessee is an owner within the meaning of section 7682, Revised Statutes 1889, requiring suit to be brought against the owner. Stafford v. Fizer, 82 Mo. 399; R. S. 1889, secs. 4916 and 4513. (3) Where there is not an absolute failure to state a cause of action, and the evidence is not preserved, it will be presumed that any omissions in the pleadings were supplied by the evidence. Revelle v. Railroad, 74 Mo. 438; Richardson v. Farmer, 36 Mo. 35; Jones v. Louderman, 39 Mo. 287; State ex rel. v. Co. Court, 51 Mo. 522. (4) The status of plaintiff in error was not affected by the dismissal as to his codefendant. (a) A personal judgment can not be rendered in cases for enforcement of taxes upon land. Nolan v. Taylor,

131 Mo. 224.   (b)   Only the interests of those who are parties in the cause can be affected by the judgment rendered. Allen v. McCabe, 93 Mo. 138; Williams v. Hudson, 93 Mo. 524.   (5)   The judgment is good, though one of the owners be entirely omitted from the suit and judgment; this because the judgment is *in rem.*   Neenan v. St. Joseph, 126 Mo. 96; Allen v. McCabe, 93 Mo. 138.

GANTT, P. J.—This is an action by the State at the relation of the collector of revenue of the city of St. Louis, to enforce the State's lien against real property in City Block 194, having a frontage on Eighth street of fifty-nine feet by a depth of one hundred and twenty-seven feet.

The petition states that the Mission Free School is the owner, and Judson M. Thompson is the lessee of said property; it then proceeds to make the usual allegations based upon the laws of Missouri, relating to the assessment of the property and its delinquency for the taxes for the years 1890, 1891 and 1892, and that by virtue of these laws the State had a lien upon said "described real estate" for said taxes, and stated that it was the duty of the collector to enforce the payment of these taxes charged against said real estate by suit to enforce the lien of the said State; set out the amount of taxes and interest, and that all of said taxes, interest and register's fees are set forth in the tax bills of said back taxes filed with the petition, marked exhibits "A," "B" and "C" and prayed judgment for $2,064, being the amount of said back taxes, interest and register's fees and interest thereon from March 31, at the rate of ten per cent per annum, together with two per cent collector's fees and five per cent attorney's fees, and prayed that said judgment should describe the real estate described in the petition; that it should state the amount of taxes and interest found to be due on said real estate for said years; that it should be decreed to be a prior lien in favor of the State of Missouri upon

this real estate, and that it be sold to satisfy such judgment, etc. The petition contained no allegation stating any facts showing any particular interest in said property by said Thompson; it merely stated that "Judson M. Thompson is the lessee of above described property." It stated that the Mission Free School was the owner of the property.

To this petition both defendants filed answers, said Thompson filing a general denial. Subsequently the plaintiff voluntarily dismissed the suit against the Mission Free School, the owner of the property, and took judgment against Judson M. Thompson.

The court found that there was due on said real estate for state, city and school taxes, including interest and register's fees for the years 1890, 1891 and 1892, $3,085.77; that Thompson was the lessee of said real estate. It then found the amount due for each year's taxes separately and fixed the interest and adjudged that the judgment be levied out of the right, title, and interest of said defendant, Thompson, in and to said real estate. The said judgment was also declared a lien and directed that it should be enforced by sale under execution as required by law.

The tax bills filed as exhibits with the petition showed that the property was assessed to the Mission Free School. The suit as originally brought was against the Mission Free School as owner.

From the judgment thus rendered against him the defendant, Thompson, has sued out a writ of error from this court.

I. It is settled law in this State that when a petition fails to state facts sufficient to constitute a cause of action it is error on the face of the record proper for which the judgment will be reversed, though no objection was made to it by motion in arrest or for new trial in the trial court. Defects cured by the statute of jeofails of course would not constitute such reversible error. [Childs v. Railroad, 117 Mo.

414; State ex rel. v. Hoyt, 123 Mo. 348; State ex rel. v. Bland, 144 Mo. 534; Smith v. Burrus, 106 Mo. 94.]

The assessment and levy of taxes in this State is purely statutory. The sufficiency of the petition to charge defendant Thompson with the taxes must be measured by the statutes. By these statutes lands and real estate are required to be assessed in the name of the owner thereof. [R. S. 1889, secs. 7553 and 7555, 7557, 7679.]

A valid assessment has invariably been held an essential prerequisite to the lawful exercise of the power of taxation. [Abbot v. Lindenbower, 42 Mo. 162; State ex rel. Wyatt v. Railroad, 114 Mo. 1.]

The tax bills sued on in this case disclose that the parcel of land upon which the State seeks to enforce her lien belonged to the Mission Free School as owner. The petition declares that the said school is owner and that defendant Thompson is a lessee thereof.

There was no assessment of the leasehold of said Thompson by the assessor and there is no averment in the petition of the nature of his lease, the length of the term, or his liability to pay the taxes on said property.

It is true that the attorney of the Mission Free School pleaded its exemption from taxes under its charter and averred that Thompson was the owner of the building, but on the trial plaintiff dismissed as to the owner, the Mission Free School, and no averment of Thompson's interest was left in the record. So that as the record stands he is subjected to the payment of taxes upon the real estate of his landlord which the collector concedes is exempt from taxation.

Upon the record proper the judgment is obviously erroneous and must be and is reversed, and the cause remanded. SHERWOOD and BURGESS, JJ., concur.