THE STATE ex rel. ZIEGENHEIN v. MISSION FREE SCHOOL et al., Appellants.

### Division Two, May 7, 1901.

1. **Taxation:** LESSEE: NO ASSESSMENT: NO LIABILITY. Where the lessee of land, exempt from taxation because belonging to a charitable institution, owns the houses and other improvements thereon, the lease providing that they "shall not become a part of the realty, but shall be and remain the personal property" of said lessee, he is liable to tax assessment on said improvements as if they were real estate, and they should be assessed as real estate, but if he has not been assessed at all, no judgment for taxes thereon can be rendered against him. Nor can his building be assessed against the charitable institution as a part of its property. The assessment must always be against the owner if known. And before the owner can be compelled to respond for taxes, there must be a valid assessment against his property.

2. ————: ————: ————: TWO DEFENDANTS. Where the lessee owns the buildings and improvements on a lot, and there is no assessment against him, but the whole is assessed against the lessor, a judgment for taxes against both, being in its nature such an entirety that the court can not separate the respective obligations of the two defendants, is erroneous as to both.

3. ————: EXEMPT IN CERTAIN AMOUNT BY CHARTER: TAXABLE FOR EXCESS. Where the property of a charitable institution to the amount of fifty thousand dollars is exempt from taxation by the charter (dated 1863) creating it, it is not entitled to any exemption beyond that amount. Neither can it add exemptions created by the Constitution of 1875, to those granted it by its charter. And

in making the assessments, all its property should be assessed as any other property, then the sum of fifty thousand dollars deducted from the aggregated assessments, and taxes assessed against the ex-cess.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

REVERSED AND REMANDED.

*Given Campbell* and *Chas. L. Moss* for appellants.

(1) The petition does not state any cause of action against either defendant. (2) The petition does not state any cause of action against the leasehold interest of Judson M. Thompson. State ex rel. v. Thompson, 149 Mo. 441. (3) The judgment in this case is in its nature such an entirety that, one part being bad, the whole of the judgment should be reversed. Insurance Company v. Clover, 36 Mo. 392; Wells v. Wells, 144 Mo. 198.

*E. C. Slevin* for respondent.

(1) Defendant is not entitled to exemption both under its charter and under the general law: (a) Because under its charter defendant can not claim exemption in excess of $50,000 all told. (b) Because the constitutional provisions are inconsistent with and antagonistic to defendant's charter exemption. Laws 1862-1863, pp. 62 and 63; Const., secs. 6 and 7, art. 10; R. S. 1899, sec. 9119. (2) The petition states a cause of action against defendant Thompson. He was a necessary party to the action, being the owner of a lease of the premises. His interest in the property could not otherwise have been effected. Stafford v. Fizer, 82 Mo. 393;

Gitchell v. Kreidler, 84 Mo. 472; Williams v. Hudson, 93 Mo. 524.   (3)   A lessee is an owner within the meaning of section 7682, Revised Statutes 1889, requiring suit to be brought against the owner.   Stafford v. Fizer, 82 Mo. 399 (by analogy); Sec. 4916, R. S. 1889, now sec. 3172, R. S. 1899; Sec. 4513, R. S. 1889, now sec. 2933, R. S. 1899.   (4) For the purpose of taxation, improvements on leased premises should be assessed to the owner of the land.   Sec. 15, art. 5, Charter of St. Louis; Sec. 9123, R. S. 1899; Sec. 9186, R. S. 1899.

GANTT, J.—This is an action by the collector of the revenue of the city of St. Louis, against "The Mission Free School," a charitable corporation, and Judson M. Thompson, to enforce a lien for certain state, city, school and other back-taxes for the years 1893 and 1894, on a certain lot of ground in block 194 of the city of St. Louis, having a front of 59 feet on Eighth street by a depth of 127 feet, and bounded north by the property of Yore, east by Eighth street, south by the property of Ames et al., and west by an alley.   The petition alleges the delinquency of the taxes and the regular steps taken to enforce the same.   The prayer for judgment asks that the collector may have judgment for the amount of the said taxes, interest, costs, etc., and that the same be adjudged a lien on said lot, and that said lot and Thompson's leasehold may be sold under a special *fieri facias.*

There are no allegations in the petition having any bearing whatsoever upon the leasehold interest in said property of Judson M. Thompson.   Neither the leasehold interest or building of J. M. Thompson was ever assessed; no taxbills were ever made out against this leasehold interest and the building erected thereon by him, and no cause of action is stated in the petition against said leasehold interest and house of Jud-

son M. Thompson. The taxbills were issued and made out against the real estate belonging to the Mission Free School, and in the name of the Mission Free School as sole owner.

The Mission Free School filed an answer, setting up the Act of January 30, 1863, being "An Act to incorporate a Mission Free School of St. Louis," alleged that it was organized under that law, and that it has ever since actively maintained a charity school under the provisions of said enactment, and that the land mentioned in the taxbill is exempt from taxes. *That the improvements belonged to Judson M. Thompson* and. that the Mission Free School is not liable for taxes on the improvements; that the land in question is a portion of the endowment of the Mission Free School, and that the income of said property is used solely for charitable purposes.

The answer of Judson M. Thompson set up the Act of January 30, 1863, alleges that the defendant, the Mission Free School, was exempt from taxation upon said property. The Act of 1863 provides, "that all of said property, not exceeding fifty thousand dollars value, shall be exempt from taxation." Section 3 of the act declares the said Mission Free School shall receive, provide for and educate orphan children, etc.

The by-laws provide for the Mission Home.

The deed conveying the property from Lucian Eaton and others, recites that this property is conveyed to the Mission Free School in order to become endowment property.

The lease from the Mission Free School to Thompson is set out in the abstract. It was admitted by counsel for the State, that the Mission Free School was a charitable institution.

I. As to defendant Thompson, this record contains the same vice which we pointed out in State ex rel. v. Thompson, 149 Mo. 441. In this case, as in that, there has been no assessment of the separate estate of Thompson, the lessee, in and

to the leasehold and building erected upon the real estate leased by him at a ground rent from the Mission Free School. Counsel for the collector proceeds on the assumption that the said building, estimated by witnesses to be worth $40,000, is a part of the realty of the Mission Free School, whereas, it is disclosed by the lease in evidence that "it shall not become a part of the said realty, but shall be and remain the personal property of the *said party of the second part.*" It is thus evident that, as between the said Mission School and said Thompson, Thompson is the owner of the leasehold and building and is liable for the taxes thereon whether it is real estate or personal property, but as said in State ex rel. Thompson, 149 Mo. 445, before he can be compelled to respond for said taxes, his estate in said leasehold and building must first be assessed against *him as the owner* thereof. "A valid assessment has invariably been held an essential prerequisite to the lawful exercise of the power of taxation in this State." [State ex rel. v. Thompson, supra; Abbott v. Lindenbower, 42 Mo. 162; State ex rel. Wyatt v. Railroad, 114 Mo. 1.]

As there was no assessment of Thompson's building by the assessor, and as his ownership is distinct from that of the Mission Free School, the assessment of his building as a part of the school's lot was clearly erroneous, as the law requires all property in this State to be assessed to the owner if known, and this lease was open to the assessor. As said on the former appeal, Thompson is not to be subjected to the tax on the ground, nor the school, even if not wholly exempt, to pay the tax on his building. The fact that the lot of the Mission Free School is or was exempted under its articles of incorporation will not exempt the building of Thompson, in which the school has no interest, or title under its lease. It is true, counsel for Thompson insists that Thompson's interest can not be taxed because there is no specific statute authorizing his interest

in such a case to be taxed.

In this view we do not concur. All property except such as is specifically exempted by the Constitution and the statute made in pursuance thereof, is subject to taxation, and we can see no difficulty in assessing the separate and distinct property of Thompson in this building any more than would be encountered in assessing the property of any other individual. Whether it is real or personal property, or whether the State is bound to regard it as personalty, is not now the question. The point is, is it separately liable to taxation as his property? We hold that it is. And it is Thompson's duty to list it just as every other taxpayer is required to list his property or suffer the penalties. The point may be new in this court, but has often been solved in other jurisdictions. [People ex rel. Muller v. Board of Assessors, 93 New York, 308; People ex rel. v. Commrs. of Taxes, 82 N. Y. 459; Russell v. City of New Haven, 51 Conn. 259; Smith v. Mayor, 68 N. Y. 552.]

In most States the interest of Thompson under a lease like this is real estate, and as our statute provides that the words "real estate" shall be construed to include all interest and estate in lands, tenements, and hereditaments (sections 4917 and 4916, Revised Statutes 1889), little doubt can exist that Thompson's interest in this realty and building should be assessed as real estate. As it is obvious he has not been assessed at all, no judgment can be rendered against him in the present action, but the statute supplies the remedy in such cases.

II. We think it is equally clear that the assessment against the Mission Free School of the value of Thompson's building, in which it has no interest under its lease, is illegal, and as the judgment is in its nature such an entirety that this court can not separate the respective obligations of the two defendants, it must be held erroneous as to both.

Vol 162 mo—22

The Act of 1863 only exempts property of the Mission Free School to the amount of fifty thousand dollars. Beyond that it is not entitled to any other or further exemption. Neither can it add exemptions created by the Constitution of 1875 to those granted it by the Act of 1863. It was not the purpose of the convention of 1875 to extend exemptions, but rather to curtail them.

When all the property of defendant, the Mission Free School, is assessed as other property, then the amount of fifty thousand dollars should be deducted if the total exceeds that sum. The exemption of the school building and lot under the one-acre provision of section 6 of article 10 of the Constitution can not be added to the exemption of $50,000. It should be assessed, and if it equals or exceeds the value of $50,000, then that will exhaust the exemption. If it is less, then the school should be required to make its specific claim of its additional property to an amount, which, added to the valuation of the school lot and building, will equal $50,000, so that in the future the collector may know the portion of its property which is subject to taxation.

For these reasons the judgment is reversed and the cause remanded. *Sherwood P. J.,* and *Burgess, J.,* concur.