THE STATE ex rel. FLENTGE, Collector, v. BUR-
ROUGH et al., Appellants.

**Division Two, May 19, 1903.**

1. **Taxbill:** DESCRIPTION OF GROUND: INVALID: EXTRINSIC EVIDENCE.
A taxbill which describes the ground as "Pt. Out Lot 54, Survey
2199," is not competent evidence and will not support a judgment,
because the description therein is too uncertain and indefinite. Nor
is the defect remedied by a petition which correctly describes the
ground, for an accurate description of the land is necessary to a
valid assessment, and an assessment is the basis of the tax, and
if the requirements of the statute as to description are not met in
the assessment and taxbill, extrinsic evidence is not admissible to
cure the defect.

2. ————: SUPPLIED BY OWNER: ESTOPPEL. The owner of land is not
estopped from questioning the sufficiency of the description of the
land in the taxbill, by the fact that he furnished to the assessor
lists of his property in which he described the land as it is described
in the taxbill. The assessment and taxbill are void without an
accurate description.

Appeal from Cape Girardeau Circuit Court.—*Hon.
Henry C. Riley,* Judge.

REVERSED.

*Robert L. Wilson* for appellant.

The court committed error in admitting extrinsic
evidence to cure defective description in the assess-
ment and back taxbill.  An accurate description of
land is necessary to a valid assessment of a tax
thereon.   State ex rel. v. Railroad, 114 Mo. 11; Rail-
road v. Cass Co., 53 Mo. 29; City of Jefferson v. Whip-
ple, 71 Mo. 520; Hughes v. Thomas, 29 So. 74; State
ex rel. v. Sanford, 127 Mo. 372; Western v. Flanagan,
120 Mo. 61.   The assessment of property and all pro-
ceedings thereunder, so far as the property-owner is

concerned, are *in invitum* and the discharge of the duties of the assessor are to be done in subordination to the law. The assessor is required to assess the land in the smallest legal subdivision, or, if that can not be done, then it must be done by metes and bounds. In this case neither course was pursued by the assessor. In each year ''Pt. Lots 54, 55 and 56'' were all jumbled together, said lots containing in the aggregate 293 acres. The assessment lists do not show the number of acres assessed to defendant in either lot, or the value of the land in either lot. The assessor completely ignored the statutory requirement that he should assess in the smallest legal subdivision, or, if that can not be done, then with a proper description of the land. R. S. 1899, sec. 9168; State ex rel. v. Railroad, 114 Mo. 1.


*John A. Hope* for respondent.

(1) The assessor is required to call on the taxpayer and take from him a list of his property; the taxpayer is required to enter a true and correct statement of his property in the blank furnished by the assessor, and sign and swear to it. Secs. 9144 and 9145, R. S. 1899. The assessor is liable to a fine for each list received not duly sworn to. Sec. 9146, R. S. 1899. The form of the oath to be signed and sworn to by the taxpayer is prescribed, and he shall be subject to indictment and fine of not less than ten nor more than one thousand dollars for refusal to make the oath. Sec. 9147, R. S. 1899. Further penalties for failure to give the assessor a proper list are provided for by sections 9149, 9150 and 2257, Revised Statutes 1899. With the taxpayers' lists the assessor completes his assessor's books and then files the list with the county clerk. Secs. 9147, 9170, R. S. 1899. Appellants are sued for taxes for the years 1894, 1895, 1896 and 1897. The statutes mentioned above were in force long prior

to these years, and are still in force. (2) In view of the above statutory provisions, the presumption is that the appellants furnished the county assessor the description of their real estate given in the taxbill; especially so in the absence of proof to the contrary. Bank v. Dandridge, 12 Wheat. 70; Hartwell v. Root, 19 Johns. 345; Lenox v. Harrison, 88 Mo. 496; Long v. Joplin Mining & Smelting Co., 68 Mo. 430. This presumption is strengthened by the positive proof that Judge Burrough furnished the description in his list to the assessor for the year 1897. Having furnished the assessor lists of their property, in which the land was described as it is in the taxbill, appellants are estopped to object to the sufficiency of the description, and can not dispute the validity of the assessment nor defeat the collection of the taxes. Lake County v. Bank, 68 Cal. 15; City v. Flood, 64 Cal. 504; People v. Stockton, 49 Cal. 414; People v. Atkinson, 103 Ill. 45; Albany Brewing Co. v. Town of Meriden, 48 Conn. 245; Conwell v. Pres., etc., Connersville, 8 Ind. 358; Scollard v. Dallas, 42 S. W. 640; Lane v. March, 33 La. Ann. 554; Jeffries v. Clark, 23 Kan. 448; Moody v. Galveston, 50 S. W. 481; Fulcher v. Fulcher, 29 S. E. 91; Cooley on Taxation, pp. 283, 284, 264; 1 Blackwell on Tax Titles, p. 209, sec. 223; 25 Am. and Eng. Ency. Law 209, 451; American Union Express Co. v. St. Joseph, 66 Mo. 675; Mathews v. Kansas City, 80 Mo. 231. (3) But disregarding the presumption that appellants furnished the description, and laying aside also the sworn list offered in evidence, there was no error in rendering judgment for plaintiff. (a) The purpose of a description is to enable the owner to know that his land is assessed. In this case the evidence shows appellants own only one body of land, consisting of parts of outlots 54, 55 and 56; and that they own only one piece in each of the outlots—the three pieces adjoining each other and forming one farm. The 70 acres being the only land they own in the outlots, they could

not have been misled by the description. It makes no difference how much difficulty a stranger or a purchaser at tax sale might have in locating the land; the description must mislead the owner. Fulcher v. Fulcher, 29 S. E. 91; Allen v. Woodbridge Twp., 42 N. J. L. 401; Shaw v. Orr, 30 Iowa 360; Jones v. Pelham, 84 Ala. 208. (b) There was no error in admitting parol evidence for the purpose of applying the description to the land and identifying the land described. Brown v. Walker, 11 Mo. App. 226; Brown v. Walker, 85 Mo. 262; 2 Phillips' Evid., Cowen & Hill's notes, p. 718, note 510; p. 738, note 514; Stewart v. Colter, 31 Minn. 385; Ames v. Lowry, 30 Minn. 283; Judd v. Anderson, 51 Iowa 345; Knote v. Caldwell, 43 Kan. 464; Driggers v. Cassady, 71 Ala. 529; French v. Patterson, 61 Maine 302; Welty, Assessments, 170; Woodside v. Wilson, 32 Pa. St. 52; Allen v. Woodbridge Twp., supra. (c) The description is sufficient if the land can be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence. Law v. People, 80 Ill. 268; Fowler v. People, 93 Ill. 116; People v. Stall, 101 Ill. 346. (d) The only way to describe such land as appellants' as definitely as they contend for would be by giving its metes and bounds. If all such land in Cape Girardeau county had to be described definitely in its tax books there would not be room in the courthouse for the books and the physical labor required to do the work would be enormous. It is a fact of universal notoriety, not only in Cape Girardeau county, but throughout the State, that the revenue officers, in describing such land as appellants' for taxation, simply designate it as part of a certain lot or survey. Appellants were not ignorant of this custom; and the assessment of their land by the customary and generally understood method did not mislead them, especially since one of the appellants is a lawyer and had been a county officer for many

years.    Brown v. Piper, 91 U. S. 42; 2 Greenl. Ev.,
sec. 249.

BURGESS, J.—This is an action by the collector
of Cape Girardeau county for back taxes for the years
1894, 1895, 1896 and 1897, on certain lands described
in the petition, amounting at the time of the trial to two
hundred and seventy-seven dollars and seventy-eight
cents, for which plaintiff had judgment and the en-
forcement of its lien against the land for the payment
of the same.    Defendants appeal.

The petition is in the usual form, and describes the
land by metes and bounds.

The answer is a general denial.

Defendants admit that Mrs. Annie K. Burrough is
the owner of the land described in the petition.

The taxbill upon which the action is based is as
follows:

State ex rel. v. Burrough.

State of Missouri, County of Cape Girardeau, } ss

### BACK TAXBILL.

I, E. W. FLENTGE, Collector of the Revenue within and for the County of Cape Girardeau, in the State of Missouri, do hereby certify that the following amounts of Back Taxes remain delinquent in favor of the several Funds for the several years, and on the Real Estate lying and being situate in said County and State, set opposite thereto, to-wit:

| Cur. Nos. | Name of Owner. | Quantity. Acres | Quantity. 100ths. | Parts of Sections, Towns and Additions. | Section Lot. | Twp. Block. | Range. | Years for which Taxes are Due. | State Tax. | County Tax. | Road Tax. | R. R. Comp. | School Tax. Dist. No. | School Tax. Twp. No. | School Tax. $ c | Total Tax for Each Year. | Interest Due to Date. | Clerk's Fees due at time of making consolidated back tax books. | Total amount tax, interest and Clerk's Fees due for each year at time of making consolidated Tax Books. | Clerk's Fees for making consolidated Tax Books | Aggregate Tax, Interest and Clerk's Fees due for all years. | Remarks. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| .......... | Annie K. Burrough | 19 | 20 | Pt. Out Lot 54 Survey 2199 | ... | ... | ... | 1894 | | | | | Cape | | | | | 50 | | 25 | 11 82 | |
| | " | | | Same for | | | | 1895 | | | | | " | | | | | 35 | | 25 | 10 51 | |
| | " | | | Same for | | | | 1896 | | | | | " | | | | | 25 | | 25 | 10 13 | |
| | " | | | Same for | | | | 1897 | | | | | " | | | | | 10 | | 25 | 9 65 | |
| | Annie K. Burrough | 25 | 00 | Pt. Out Lot 55 Survey 2199 | | | | 1894 | | | | | " | | | | | 50 | | 25 | 27 63 | |
| | " | | | Same | | | | 1895 | | | | | " | | | | | 35 | | 25 | 24 67 | |
| | " | | | Same | | | | 1896 | | | | | " | | | | | 35 | | 25 | 23 88 | |
| | " | | | Same | | | | 1897 | | | | | " | | | | | 10 | | 25 | 23 01 | |
| | Same | 27 | 00 | Pt. Out Lot 56 Survey 2199 | | | | 1894 | | | | | " | | | | | 50 | | 25 | 38 69 | |
| | " | | | Same | | | | 1895 | | | | | " | | | | | 35 | | 25 | 34 57 | |
| | " | | | Same | | | | 1896 | | | | | " | | | | | 35 | | 25 | 33 51 | |
| | " | | | Same | | | | 1897 | | | | | " | | | | | 25 | | 25 | 29 71 | |
| | | | | Total amount of Taxes for all the years and interest and County Clerk's Fees, | | | | | | | | | | | | | | $3 60 | | $3 00 | $277 78 | |

In witness whereof, I have hereunto set my hand at the city of Jackson, in said county and state, this 20th day of July, 1899.

E. W. FLENTGE,
Collector of the Revenue within and for the County of Cape Girardeau, Mo.
By J. F. McLain, Deputy.

The case was tried by a jury, and when the taxbill was offered in evidence by plaintiff, defendants objected upon the ground that "the description contained therein is so vague and indefinite and uncertain, it will not support a judgment." The objection was overruled and exception duly saved. The ruling of the court in this regard is the principal ground relied upon by defendants for a reversal of the judgment.

By section 7555, Revised Statutes 1889, every county assessor is required to make out an assessment book, called the "real estate book," containing all lands subject to assessment. The third column shall contain *an accurate description of the land by the smallest legal subdivisions,* or by smaller parts, lots or parcels when sections and the subdivisions thereof are subdivided into parts, lots or parcels; the fourth column shall contain the actual cash valuation of each tract.

By section 7552, Revised Statutes 1889, it is provided that "each assessment of real estate so made shall be the basis of taxation on the same for two years next succeeding." As the statute requires an accurate description, one that is correct is essential to a valid assessment, in the absence of which a valid tax can not be assessed. [Abbott v. Lindenbower, 42 Mo. 162; State ex rel v. Thompson, 149 Mo. 441; State ex rel v. Mission Free School, 162 Mo. 332.]

The City of Jefferson v. Whipple, 71 Mo. 519, was an action by the city to recover city taxes, and to enforce a lien against "part of inlot No. 331 on the plat of said city," and it was held that the description of the property was so vague that no action could be maintained either to enforce the lien, if one existed, or to recover the taxes. The court said, "How is it possible from the description to ascertain what part of the lot is chargeable with the taxes, or the lien? A deed conveying a part of a lot, or a tract of land, would convey no legal title to any portion of the lot, or tract. The petition in this regard was therefore fatally de-

fective." To the same effect is the case of the People v. Reat, 107 Ill. 581.

State ex rel. Wyatt v. Railroad, 114 Mo. 1, was an action to enforce the lien of the State for certain taxes alleged to be delinquent and unpaid on certain real estate belonging to defendant in Jackson county. The first three counts were for taxes on property described in the assessment, taxbill and petition as "the undivided half of Gilliss addition to the city of Kansas City, Jackson county, Missouri, except all that part thereof returned to and assessed by the State Board of Equalization." The fourth and fifth counts were for taxes for the years 1886 and 1887, respectively, on property described in the assessment and taxbill, as, "All lots 5, 6, 7, 8, 9 and 10, block 28, lying outside of the right of way, West Kansas addition number 1," and the petition in the same language with the addition of the words "of defendant," after "right of way," and it was held that as an assessment was the basis of the tax, an accurate description of the land was necessary to a valid assessment of it, and that the description was too indefinite and uncertain to authorize the enforcement of the tax lien, and that extrinsic evidence was inadmissible to cure it. Held, also, that a description of "all of lots 5, 6, 7, 8, 9 and 10, block 28, lying outside of the right of way, West Kansas addition number 1," was likewise fatally defective.

It is thus evident that there was no valid assessment of the property in question for either of the years for which taxes are sued, which was absolutely necessary as a condition precedent to the lawful exercise of the power of taxation in this State. The fact that the petition correctly describes the land does not validate or cure the defective assessment and taxbill.

But the record discloses that the defendant Frank E. Burrough, husband of his co-defendant, furnished the assessor lists of their property, in which the land in question was described as in the taxbill, and it is

insisted by plaintiff that by reason of this fact they are estopped to object to the sufficiency of that description, and can not dispute the validity of the assessment, nor defeat the collection of the taxes. That defendants might be estopped from denying the ownership of the land described in the taxbill by reason of the fact that they furnished a list of their property including the land in question in which it was described as in the taxbill, under certain circumstances, is doubtless true, but that they are not estopped in this proceeding by reason of that fact from denying that the *description* of the land in the taxbill is too vague and uncertain upon which to base a judgment and enforce a lien against the land for the taxes, is equally clear. They could not in this proceeding supply by anything they may have said or done that which was essential to a good and valid assessment, that is, an accurate description of the land, for want of which the assessment and taxbill are void.

For these intimations the judgment is reversed. All of this Division concur.