STATE of Missouri ex rel. Willis W. BEN-
SON, Collector of Revenue of St. Louis
County, Plaintiff-Appellant-Respondent,

v.

PERSONNEL HOUSING, Inc., a Missouri
Corporation, Defendant-Respondent-
Appellant.

No. 45561.

Supreme Court of Missouri,

Division No. 1.

March 11, 1957.

Motion for Rehearing or to Transfer to
Court en ·Banc Denied April 8, 1957.

William B. Kline, St. Louis County
Counselor, Lashly, Lashly & Miller, Ar-

thur V. Lashly, Paul B. Rava, St. Louis, of
counsel, for plaintiff-appellant-respondent.

Gross, Jones & Blumenfeld and Lester
Gross and James R. Blumenfeld, St. Louis,
for defendant-respondent-appellant.

WESTHUES, Judge.

Willis W. Benson, Collector of Revenue
of St. Louis County, Missouri, filed this
action for a declaratory judgment. Per-
sonnel Housing, Inc., a Missouri corpora-
tion, was named as defendant. We shall
refer to the Collector as plaintiff and to the
corporation as defendant. The petition was
in two counts. The vital questions pre-
sented to the trial court and to this court are
whether property assessed for general taxes
as belonging to the defendant is subject to
taxation or whether it is exempt from tax-
ation on the ground that title to the property
is vested in the Federal Government. Also
involved is the question of whether the
property was legally assessed. Count one
of the petition concerns taxes alleged to be
due for the years 1952 and 1953. Count
two concerns taxes alleged to be due for the
year 1954. The trial court found for plain-
tiff on count one and for the defendant on
count two. Motions for new trial were
overruled and plaintiff appealed from the
judgment on count two and the defendant
appealed from the judgment on count one.

The principal events which brought about
the filing of this suit are not in dispute.
There is, however, a sharp disagreement as
to the applicable law. As above-mentioned,
the defendant is a Missouri corporation. It
issued 100 shares of common stock for
which it received $10,000. Bernard H.
Tureen owns 45 shares; I. E. Millstone, 50
shares; and Lester Gross, 5 shares. Tu-
reen was elected President; Millstone,
Treasurer, and Gross, Secretary. One of
the purposes of the corporation, as stated in
Art. 8 of its charter, was "To create a pri-
vate corporation to provide housing for rent
or sale, and to acquire any real estate or in-
terest or rights therein or appurtenant
thereto and any and all personal property in
connection therewith."

In November, 1949, the defendant entered into a contract or lease with the Secretary of the Army of the United States as authorized by Title 10 U.S.C.A. § 1270. The lease covered land owned by the United States in St. Louis County, Missouri, being a portion of the land known as the Small Arms Plant Reservation. The primary purpose of the lease was to provide housing for the military and civilian personnel of the Army as provided for by the National Housing Act, 12 U.S.C.A. § 1701 et seq., and amendments thereto, particularly Subchapter VIII, 12 U.S.C.A. § 1748.

Pursuant to the provisions of this lease, the defendant financed the construction of 120 units on the leased land. These units were completed during the year 1951 at a cost of approximately $1,134,472. The defendant borrowed $972,000 from the Teachers and Annuity Association of America. The $10,000 obtained by the sale of common stock and sums advanced by I. E. Millstone provided the balance of the necessary funds to complete the financing of the project. The sum of $972,000 was insured by the Federal Housing Administration as provided for in the lease. The deed of trust which defendant executed as security for the loan provided that defendant pay the sum of $4,455 monthly for a period of 391 months which would be sufficient to pay in full the principal and interest of the loan. The lease, dated November 25, 1949, was for a term of 75 years and in its original form, the lease contained a provision which read as follows: "11. That title to all improvements constructed upon the leased premises by the Lessee, in accordance with the terms of this Lease, shall during the term of this lease remain in the Lessee. Upon the expiration of this Lease, or earlier termination, unless the lessee shall elect to remove the improvements and restore the premises, all improvements made upon the leased premises shall become the property of the Government without compensation." This provision remained in force until December 11, 1953, on which date Supplement 2 of the lease was executed. This eliminated provision 11, above set forth, and the following is a portion of the provision which was substituted: "1. Condition 11 of the lease is deleted and the following is substituted therefor:

"That the buildings and other improvements erected by the Lessee, constituting the aforesaid housing project, shall be real estate and part of the leased premises, and property of the United States, leased to Lessee to effectuate the purposes of Title VIII of the National Housing Act, and in accordance with the provisions of this lease, and subject to the terms of this lease, any renewal or extension of this lease. * * *"

The lease contained a provision that defendant was to pay all taxes. This provision was not changed. Other facts will be stated in the course of the opinion.

The trial court held that under the terms of the original lease, particularly item 11, the defendant was the owner of the improvements or buildings and therefore the property was subject to be taxed as real estate. It was on that theory that judgment was entered for plaintiff on count one of the petition for taxes due for the years 1952 and 1953. The total amount found to be due for 1952 was $11,772.07 plus interest of $3,767.06, the Collector's fee of $310.79, and attorney's fee of $776.96. The amount found to be due for the year 1953 was $11,-721.77 plus interest of $2,578.79, the Collector's fee of $286.01, and attorney's fee of $715.03.

The trial court found for the defendant on count two of the petition on the theory that by deleting provision 11 of the lease, and substituting therefor the provision above set forth, the United States became the title holder of the property and it (defendant) was therefore not subject to be taxed for the year 1954 and the court ordered the taxing authorities to strike the property from the assessment list and to transfer it "to the non-taxable rolls of St. Louis County, Missouri."

This case was tried in June, 1955. The trial court took the case under advisement. In February, 1956, the court entered its

judgment. On May 28, 1956, the Supreme Court of the United States decided the case of Offutt Housing Co. v. Sarpy County, 351 U.S. 253, 76 S.Ct. 814, 819, 100 L.Ed. 1151. That case originated in the State of Nebraska. See Offutt Housing Co. v. County of Sarpy, 160 Neb. 320, 70 N.W.2d 382. The facts in that case were about the same as those in the case before us. The principal contention of the Offutt Housing Company was that the property was not subject to taxation by the State of Nebraska or its political subdivisions because title was held by the United States. The Supreme Court of Nebraska held that the property was taxable. The U. S. Supreme Court affirmed. What the U. S. court said in answering the contention of the Housing Company may well be quoted here in disposing of a number of the contentions of the defendant in this case. Note what the court said: "Petitioner also argues that the state tax, measured by the full value of the buildings and improvements, is not on the 'lessee's interest' but is on the full value of property owned by the Government. Labeling the Government as the 'owner' does not foreclose us from ascertaining the nature of the real interests created and so does not solve the problem. See Millinery Center Bldg. Corp. v. Commissioner, 350 U.S. 456, 76 S.Ct. 493 [100 L.Ed. 545]. The lease is for 75 years; the buildings and improvements have an estimated useful life of 35 years. The enjoyment of the entire worth of the buildings and improvements will therefore 'be petitioner's.

"Petitioner argues, however, that the Government has a substantial interest in the buildings and improvements, since the Government prescribed the maximum rents and determined the occupants, had voting interests in petitioner, provided services, and took the financial risks by insuring the project. Petitioner compares its own position to that of a 'managing agent.' This characterization is an attempt by use of a phrase to make these facts fit an abstract legal category. This contention would certainly surprise a Congress which was interested in having private enterprise and not the Government conduct these housing projects. The Government may have 'title,' but only a paper title, and while it retained the controls described in the lease as a regulatory mechanism to prevent the ordinary operation of unbridled economic forces, this does not mean that the value of the buildings and improvements should thereby be partially allocated to it." That case may be read for a more detailed reference to the various Federal Statutes and regulations concerning Housing Projects. We need not review them in this case for the reason that the defendant in this case practically concedes that the defense of immunity from taxation by reason of title being in the United States was eliminated by the U. S. Supreme Court in the Offutt case, supra. That court further decided that Congress had given its consent that the lessee's interest in these projects could be subjected to state and local taxation. See 351 U.S. loc. cit. 257–261, 76 S.Ct. loc. cit. 817–819, 100 L.Ed. loc. cit. 1158, 1159.

Defendant says that even if its interest in the property is not immune from taxation by reason of title being in the U. S. Government, it nevertheless cannot be assessed because there is no statutory authorization to do so because defendant owns only leasehold interest. It is further argued that the assessment was made on the improvements or buildings as real estate and therefore the assessment was void.

Under our Constitution of 1945, all property in this State must be taxed unless expressly exempt therefrom. See Art. 10, Sec. 6, V.A.M.S. Note the concluding provision of this section which reads that "All laws exempting from taxation property other than the property enumerated in this article, shall be void." See State ex rel. Ziegenhein v. Mission Free School, 162 Mo. 332, 62 S.W. 998, loc. cit. 999(1). Note also the provisions of Art. 10, Sec. 3, which states that "Taxes may be levied and collected for public purposes only, and shall be uniform upon the same class of subjects within the territorial limits of the authority

levying the tax." Section 137.010 RSMo 1949, V.A.M.S., classifies property for the purposes of taxation as follows:

"(1) 'Intangible personal property,' for the purpose of taxation, shall include all property other than real property and tangible personal property, as defined by this section;

"(2) 'Real property,' includes land itself, whether laid out in town lots or otherwise, and all growing crops, buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges belonging or appertaining thereto;

"(3) 'Tangible personal property' includes every tangible thing being the subject of ownership or part ownership whether animate or inanimate, other than money, and not forming part or parcel of real property as herein defined."

Plaintiff and defendant in their briefs have cited and reviewed many cases in support of their positions. Many of these are of little value in deciding this case because the Housing Projects, such as we are dealing with in this case, were designed in recent years and the manner of taxation of such property is new. Let us consider this case from a common sense and practical viewpoint. There are 120 housing units for which the cost of construction was $1,134,472. The gross yearly rent amounts to over $118,000. The U. S. Government owns the land upon which the buildings are located. The defendant corporation, under a lease with the Army, constructed the buildings. As stated by the U. S. Supreme Court, 351 U.S. loc. cit. 261, 76 S.Ct. loc. cit. 819, 100 L.Ed. loc. cit. 1160, "The lease is for 75 years; the buildings and improvements have an estimated useful life of 35 years. The enjoyment of the entire worth of the buildings and improvements will therefore be petitioner's." In the case before us, the defendant is in the same position as the petitioner mentioned in that case. The Congress has given its consent that the interest of the lessee may be taxed by the local authorities. The defendant-lessee has agreed, in its contract with the Army, to pay all the taxes that may be assessed. Would it not be absurd to say that the buildings and improvements in question should not or cannot be taxed? We hold that under the constitutional and statutory provisions, supra, the interest of the defendant in the property is subject to taxation.

The question remains whether the defendant's interest in the property was properly assessed. The defendant did not list the property in question with the Assessor of St. Louis County as required by Section 137.115 and Section 137.120, RSMo 1949, V.A.M.S. The Assessor, therefore, by authority of Section 137.130 RSMo 1949, V.A.M.S., listed the interest of the defendant in the property and assessed it as real estate. It is argued that this was an improper assessment and therefore void. We think not. Certainly there can be no question that for the years 1952 and 1953 the assessment was proper. Under the provisions of the lease, the defendant owned the buildings and improvements during the term of the lease. Such ownership comes within the statutory definition of real estate. Section 137.010(2), supra.

We find no difficulty in determining that the interest of the defendant in 1954, after the change in the lease, remained virtually the same as before. As noted by the U. S. Supreme Court in the Offutt Housing Company case, supra, 361 U.S. loc. cit. 261, 76 S.Ct. loc. cit. 819, 100 L.Ed. loc. cit. 1159, Headnote 9, "Petitioner also argues that the state tax, measured by the full value of the buildings and improvements, is not on the 'lessee's interest' but is on the full value of property owned by the Government. Labeling the Government as the 'owner' does not foreclose us from ascertaining the nature of the real interests created and so does not solve the problem." The court then points out that the lessee under the terms of the lease would enjoy the entire worth of the buildings and improvements for their "estimated useful life" and for 40 years beyond that period. As a matter of fact, the only

change accomplished, by deleting condition 11 of the lease and substituting therefor the clause above-quoted, was that after the change the Government held the paper title, whereas under the original terms of the lease, title was to pass to the Government at the expiration of the lease which was 75 years thereafter.

This case illustrates the wisdom of the legislature's classification that all land and "buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges belonging or appertaining thereto" shall be real property for the purposes of taxation. Under that classification, the property must be assessed where located. There is good reason for this. Many children living in this housing project (the record shows from 60 to 70) attend the local schools. Therefore, the local school district, in justice, should be entitled to the school tax collected on the value of the homes located within the district. It was in evidence that the average cost per pupil in the school district where the children living in the Housing Project attended school was near $300. It is evident that the tax will not be a "windfall" to the local governments as indicated in the dissenting opinion in the Offutt Housing Company case, supra, 351 U.S. loc. cit. 265, 76 S.Ct. loc. cit. 821, 100 L.Ed. loc. cit. 1162.

We find some support in our holding that the interest of defendant was properly assessed as real estate. Note the case of State ex rel. Ziegenhein v. Mission Free School, supra, which was a suit for taxes. Thompson, a codefendant, had leased land from a charitable institution and its property was exempt from taxation. Thompson had constructed a building thereon. The judgment for taxes was reversed because Mr. Thompson's interest had not been assessed, but the court held that under the terms of the lease, Thompson's interest was subject to taxation. In speaking of whether that interest was real estate, the court said, 62 S.W. loc. cit. 999, "In most states the interest of Thompson under a lease like this is real estate, and as our statute pro-

vides that the words 'real estate' shall be construed to include all interest and estate in lands, tenements, and hereditaments (sections 4907, 4916, Rev.St.1889), little doubt can exist that Thompson's interest in this realty and building should be assessed as real estate." See 51 C.J.S., Landlord and Tenant, § 26, pp. 531–533, where it is stated that "However, a term for years does constitute an interest or estate in the land, and it has sometimes been considered as real estate at least for particular purposes or within the meaning of certain statutes; * * *." See also Springfield Southwestern Ry. Co. v. Schweitzer, 246 Mo. 122, 151 S.W. 128, loc. cit. 131(5–7).

The record discloses that the State Tax Commission made a ruling and instructed assessors to assess leases on land having a value to the lessee as real estate. This ruling, while not binding on the courts, may be considered in determining the question. State ex rel. White v. Fendorf, 317 Mo. 579, 296 S.W. 787, loc. cit. 789(5).

The defendant cited a number of cases to support its contention that its interest in the property cannot be taxed. One of the cases, State ex rel. and to Use of Potter v. Springfield Convention Hall Ass'n, 301 Mo. 663, 257 S.W. 113, when casually read seems to support defendant. However, when the opinion is carefully considered, it will be seen that the facts there presented were quite different from those in the case at bar. It will be noted that in the latter portion of the opinion, the court called attention to the fact that the lessee had not agreed to pay taxes. In the case before us, the defendant agreed, by the terms of the lease, to pay all taxes that might be assessed against the improvements. These improvements were assessed. The case of State ex rel. Ziegenhein v. Mission Free School, supra, was cited. That case, as we view it, holds contrary to defendant's contention.

We hold that defendant's interest in the property in question is in fact valuable property and that it not only may be but should be taxed. We also hold that the as-

sessment of the defendant's interest as real estate was a legal assessment. It was so classified by Section 137.010(2), supra. It follows that the judgment as to count one of the petition should be and is hereby affirmed; and the judgment as to count two should be and is hereby reversed and the trial court is directed to enter a judgment for plaintiff in accordance with this opinion.

It is so ordered.

All concur.