ST. CHARLES COUNTY, and Eugene Zimmerman, in his official capacity as Assessor of St. Charles County, Missouri, Appellants,

v.

CURATORS OF THE UNIVERSITY OF MISSOURI, et al., Respondents.

No. SC 82038.

Supreme Court of Missouri, En Banc.

Aug. 1, 2000.

Stephanie E. Karr, Clayton, for Appellees.

Mary M. Bonacorsi, Jane E. Dueker, John W. Moticka, Dempster K. Holland, Bryon Francis, Mark B. Leadlove, St. Louis, Michael James, Chesterfield, Daniel L. Goldberg, St. Charles, for Respondents.

DUANE BENTON, Judge.

St. Charles County and its assessor seek to invalidate a statute, section 172.273.3 RSMo 1994[1], that exempts, from property taxation, leases by the curators of the University of Missouri in the Missouri Research Park. The circuit court denied relief. The County and assessor appeal. *Mo. Const. art. V, section 3.* Reversed and remanded.

## I.

Before 1986, the curators owned property in St. Charles County, known as "Missouri Research Park." *See Curators of the University of Missouri v. St. Charles County,* 985 S.W.2d 810, 811 (Mo.App. 1998).

In 1986, the General Assembly enacted section 172.273:

> 1. The curators of the University of Missouri may establish research, development and office park projects, in order to promote cooperative relationships and to provide for shared resources between private individuals, companies and corporations, and the University of Missouri, for the advancement of the university in carrying out its educational mission and such projects are declared to be in the furtherance of the purposes of the university.
>
> 2. The curators may, in connection with such projects, enter into written, mutually binding leases or agreements with individuals, businesses, corporations, and professional firms participating in the project for the purpose of expanding business and professional opportunities for students, faculty and graduates of the university and of the area it serves, and for making available to the university the resources and expertise of the business and professional entities participating in the project.
>
> 3. .... The curators may ... permit the construction of any necessary facilities for such projects ... and may enter into business arrangements, including long-term leases, for the development thereof.... The utilization of the real property, as provided in subsection 1 of this section, is hereby deemed to be a public purpose and in furtherance of the purposes of the university. Provided such land is owned by the university, no leasehold or other interest therein, by whomever held, shall be separately assessed or taxed, and such real property as a whole shall be deemed the property of the curators of the University of Missouri and be exempt from all forms of property tax.

After the passage of section 172.273, the curators entered into ground leases with several private companies including respondents Zoltek Corporation, Natoli Engineering, Research Park Investments, LLC, Central Rolled Thread Die Co., Harmon Holdings II, Inc., and Tetra Plastics, Inc.[2] The lessees constructed (and have title to) the improvements on the land within the Missouri Research Park, which they have the right to occupy for terms between 75 and 99 years.

---

1. All citations are to RSMo 1994 unless otherwise noted.

2. Missouri Golf, Inc., was a defendant in the circuit court, but did not file a brief in this Court.

Annually since 1994, the lessees have been assessed ad valorem property tax on their leasehold interests. The curators, who own the fee interest, have not been assessed. The lessees claimed a tax exemption for their leasehold interests under section 172.273.3 and appealed the assessments to the St. Charles County Board of Equalization. The Board, after each appeal, reinstated the tax-exempt status of the leasehold interests in the Research Park. *See Missouri Bluffs Golf Joint Venture v. St. Charles County Board of Equalization,* 943 S.W.2d 752, 754 (Mo.App. 1997).

St. Charles County and its assessor (both referred to as the "assessor") sued to declare section 172.273.3 unconstitutional under Article X, section 6 of the Missouri Constitution. The circuit court found section 172.273 constitutional and ordered the assessor to remove the leasehold interests from the tax rolls.

## II.

■ Article X, section 6 of the Constitution exempts from taxation all property of the "state, counties and other political subdivisions." The tax-exempt status of the fee owner does not, however, extend to a leasehold interest in the same land, granted to another for a term of years. *Iron County v. State Tax Commission,* 437 S.W.2d 665, 670 (Mo. banc 1968) (quoting *Jetton v. University of the South,* 208 U.S. 489, 503–04, 28 S.Ct. 375, 52 L.Ed. 584 (1908)); *Frontier Airlines, Inc. v. State Tax Commission,* 528 S.W.2d 943, 946–47 (Mo. banc 1975); *Hertz Corp. v. State Tax Commission,* 528 S.W.2d 952, 953 (Mo. banc 1975); *Avis Rent A Car Systems v. State Tax Commission,* 716 S.W.2d 871, 875 (Mo.App.1986); *cf. State ex rel. Benson v. Personnel Housing, Inc.,* 300 S.W.2d 506, 509 (Mo.1957) (taxation of private lessee of federal land).

The curators/lessees assert that this is no longer the law in Missouri. According to them, the 1989 amendment to section 137.010(2) deleted the language that this Court interpreted in holding that leaseholds are separate real property for the purpose of taxation. *See Iron County,* 437 S.W.2d at 668; *Benson,* 300 S.W.2d at 509. Before 1989, section 137.010(2) stated that real property includes the "land itself . . . and all rights and privileges belonging or appertaining thereto." *1872 Mo. Laws 85,* reenacted in *1945 Mo. Laws 1799,* codified at *section 137.010(2) RSMo 1959, 1969, 1978, 1986.* This Court construed "all rights and privileges" to include interests such as leaseholds. *Iron County,* 437 S.W.2d at 668; *Benson,* 300 S.W.2d at 509. The 1989 amendment removed the "all rights and privileges" language from section 137.010(2). *1989 Mo. Laws 523,* codified at *section 137.010(2).* This shows, say the curators/lessees, that the legislature no longer considers leaseholds as real property for tax purposes.

■ The curators/lessees overlook that the same 1989 amendment enacted section 137.115.1(1): "All other laws to the contrary notwithstanding, the assessor . . . . shall annually assess all real property, including any new construction and improvements to real property, and possessory interests in real property. . . ." *1989 Mo. Laws 525* codified at *section 137.115.1(1)* ; *see also sections 138.010.3, 138.090.2, 138.170.4.* The term "possessory interests" includes leaseholds. *Davis v. Jefferson Savings and Loan Association,* 820 S.W.2d 549, 553 (Mo.App.1991). The express language of section 137.115.1(1) makes leaseholds subject to assessment.

The curators/lessees assert, in any case, that the specific exemption in section 172.273.3 overrides the general assessment-of-leaseholds rule in section 137.115.1(1). The assessor responds that section 172.273.3 is void, because it exempts property in violation of Article X, section 6 of the Constitution:

> All property, real and personal, of the state, counties and other political subdivisions, and nonprofit cemeteries, shall be exempt from taxa-

tion; . . . and all property, real and personal, not held for private or corporate profit and used exclusively . . . for schools and colleges . . . may be exempted from taxation by general law. . . . *All laws exempting from taxation property other than the property enumerated in this article, shall be void . . . .*

(Emphasis added.)

This Court must therefore decide whether Article X, section 6 of the Constitution permits the exemption in section 172.273.3.

The constitution sets out the universe of property exempt from taxation. *See Arsenal Credit Union v. Giles*, 715 S.W.2d 918, 921–23 (Mo. banc 1986). The constitution voids any law that exempts property not enumerated in Article X. *Mo. Const. art. X, section 6*; *Iron County*, 437 S.W.2d at 668. Leaseholds in state property are not enumerated in Article X, section 6 of the Constitution.

Section 172.273.3 does state that the leaseholds here are "deemed the property of the curators," and shall not be "separately assessed." In fact, the lessees have title to their improvements, and the right to occupy them on the curators' land for terms between 75 and 99 years.

> Property which, in fact, does not belong to the state, cannot be made state property by legislative declaration. Neither can the Legislature exempt property from taxation by declaring that such property, for the purpose of taxation, shall be deemed state property, when in fact it is not state property.

*State ex rel. Jones v. Brown*, 338 Mo. 448, 92 S.W.2d 718, 722 (1936). In sum, section 172.273.3 violates Article X, section 6 of the Constitution.[3]

---

3. The parties have not raised any issue regarding the exemption in Article X, section 6 that "all property, real and personal, not held for private or corporate profit and used exclusively . . . for schools and colleges, . . . may be exempted from taxation by general law. . . ."

### III.

The judgment of the circuit court is reversed, and the case remanded for proceedings consistent with this opinion.

All concur.

Nor is it necessary, in light of the holding above, to address the parties' arguments about Article X, section 3 of the Constitution, or the 1996 amendment to section 172.273. *H.B. 1237, 1996 Mo. Laws 1009.*