THE STATE ex rel. J. E. POTTER, Collector of Revenue, Appellant, v. SPRINGFIELD CONVENTION HALL ASSOCIATION.

Division One, December 31, 1923.

1. **TAXATION: Leasehold: Exemption: Assessment Against Building Only: Property of Lessor.** Where a lot belonging to the city was leased for a term of fifty years to defendant corporation, which was to pay an annual rental of one thousand dollars and erect a building thereon, which was, at all times and at the end of the term, to belong to the city, the lessee having no interest or property right therein except the right to use, occupy or sublet it, the question whether the leasehold or the lot is exempt from state, county and school taxes is not involved in a suit on a tax bill showing an assessment against the "building only." The building being a part of the real estate and being at all times the property of the city, the lessee is not chargeable with taxes thereon; and the State cannot recover in a suit, brought at the relation of the County Collector, against the lessee as the only defendant, on a tax bill which shows an assessment against the "building only."

*Held*, by WOODSON, J., dissenting, that the lessee will continue to own the building until the expiration of the lease, and during the term of the lease should pay taxes thereon,

2. ———: ———: **Buildings.** The assessment and levy of taxes is purely statutory, and the statutes require lands and real estate to be assessed in the name of the owner thereof; and a building, erected on a lot belonging to the city and leased for a term of fifty years, which by the terms of the lease is, at all times after its erection and at the expiration of the term, to belong to the city, is real estate, and state, county and school taxes thereon should be assessed against the city—the owner both of the lot and building—and the lessee is not liable for such taxes assessed against the "building only." (WOODSON, J., dissenting.)

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Leonard Walker* and *O. E. Gorman* for appellant.

(1) Exemptions of public property from taxation does not extend to improvements on public land. 37 Cyc. 869, 876; St. Louis v. Gorman, 29 Mo. 593. (2) Exemption from taxation is never presumed, and in all cases of doubt as to legislative intention, or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on the claimant to establish clearly his right to exemption. 37 Cyc. 891; Trenton v. Humel, 134 Mo. App. 600; Fitterer v. Crawford, 157 Mo. 51; Exposition Park v. Kansas City, 174 Mo. 425; Railroad v. Harris, 99 Tenn. 684; Scotland Co. v. Railroad, 65 Mo. 134; State ex rel. v. Arnold, 136 Mo. 450. Exempted city property refers to such property as the corporation holds for its own use. St. Louis v. Wenneker, 145 Mo. 238. Tax exemptions are not favored by the courts, as it destroys equality before the law. State ex rel. Spillers v. Johnston, 214 Mo. 656. Taxation is the rule and exemptions the exception, and it devolves upon the respondent to bring itself within the provision of the statute. Lodge v. Crawford, 157 Mo. 359. (3) There must be a valid assessment against the Convention Hall Association, the defendant, as to the

property owned by it, and as between it and the city, the defendant is the owner. of the leasehold and the building on it and is liable for taxes. The assessment was made against the Convention Hall Association as owner of the building, and under the terms of the lease they do own it and are legally bound for the taxes legally assessed and levied against the building. State ex rel. v. Mission Free School, 162 Mo. 336; People ex rel. Muller v. Board of Assessors, 93 N. Y. 308; People ex rel. v. Commrs. of Taxes, 82 N. Y. 459; Russell v. New Haven, 51 Conn. 259; Smith v. Mayor, 68 N. Y. 552. The exemption of public property from taxation does not extend to improvements made by occupant on the land at his own expense. All such improvements are taxable. San Francisco v. Mc-Ginn, 67 Cal. 110; People v. Frisbie, 31 Cal. 146; People v. Shearer, 30 Cal. 645; Hall v. Dowling, 18 Cal. 619. (4) Lands, buildings and other property owned by municipal corporations are but the means and instruments used for governmental purposes, and consequently are exempted from taxation, either by express constitutional or statutory provisions, or else by necessary implication. But there is no implication of exemption from taxation of municipal property owned by it which is not devoted to public or governmental uses, but held by the municipality in its private or commercial capacity and as a source of revenue or profit to serve some mere convenience of its citizens; and in the absence of express exemptions land owned by the city and rented out to private parties and from which it derives a revenue is subject to taxation. Fort Smith School Dist. v. Howe, 62 Ark. 481; People v. Chicago, 124 Ill. 636; Mitchelville v. Board of Supervisors, 64 Iowa, 554; Essex County v. Salem, 153 Mass. 141; Somerville v. Waltham, 170 Mass. 160; Smith v. New York, 68 N. Y. 552; In re Long Beach Land Co., 101 N. Y. App. Div. 159, 91 N. Y. Supp. 503; Uumstein v. Coal Co., 54 Ohio St. 264; Luttrell v. Knox Co., 89 Tenn. 253; Davis v. Burnett, 77 Tex. 3; 37 Cyc. 877; Amiston City Land Co. v. State, 160 Ala. 253; Douglas Co. Ag. Soc. v.

Douglas County, 104 Wis. 429. (5) The owner of the land and the fee of the land itself may be exempt from taxation, but a lessee of such land may be taxed on his leasehold interest therein, or on the improvements placed thereon by him. 37 Cyc. 908; Jetton v. University of South, 208 U. S. 489; Lee v. New Orleans, 28 La. Ann. 426.

*W. D. Tatlow* for respondent.

(1) The law is settled in this State, and has been since 1854, that the question whether the landlord or tenant is the owner of the building constructed by the tenant under the lease is determined by whether or not the tenant has the right to remove the building at the expiration of the lease or to be compensated by the landlord for the value of the building. If the lease is silent with reference to the right of removal or compensation, the building attaches to and becomes a part of the real estate just exactly as it would if it was built by the landlord instead of the tenant. Leach v. Goode, 19 Mo. 502; Finney v. St. Louis, 39 Mo. 177; State ex rel. v. Bridge Co., 109 Mo. 253, 134 Mo. 321; St. Louis v. Wenneker, 145 Mo. 230; State ex rel. v. Thompson, 149 Mo. 441; State ex rel. v. Mission School, 162 Mo. 332; State ex rel. v. Macgurn, 187 Mo. 238; State ex rel. v. Lessel, 237 Mo. 310; State ex rel. v. Flemming, 204 S. W. 1085; Chicago Co. v. People, 153 Ill. 409; People v. Commissioners, 89 N. Y. 573; People v. Barker, 153 N. Y. 98. (2) The revenue law of this State does not now and never did provide for the assessment of leasehold interest separate and disconnected from the leased premises: "For the support of the government of the State, payment of the public debt, and the advancement of the public interest, taxes shall be levied on all property, real and personal, except as stated in the next section." Sec. 12752, R. S. 1919. The next section exempts property "belonging to any city." "The term 'real property,' 'real estate,' 'lands' or 'lot' wherever used in this chapter shall be held to mean and include not only the land itself, whether laid

out in town, city lots or otherwise, with all things contained therein, but also all buildings, structures and improvements and other permanent fixtures of whatever kind thereon, etc." Sec. 12967, R. S. 1919. "There is no provision in the taxation laws for separation of the building from the ground for taxation purposes; when the building is exempt from taxation, it necessarily exempts the ground upon which it is situated." State ex rel. v. Fleming, 204 S. W. 1086; Kehde v. Theatre Co., 252 S. W. 973; Secs. 9606, 9607, R. S. 1919; Mo. Constitution, art. 10, sec. 6. (3) The fact that the State has the power to tax leasehold interests does not show that it has exercised this power. State ex rel. v. Lessel, 237 Mo. 310; St. Louis v. Wenneker, 145 Mo. 230; In re Indian Territory Co., 43 Okla. 307.

GRAVES, P. J.—This is an action by the State at the relation of the County Collector of Greene County, to recover from the Springfield Convention Hall Association, certain state, county, school, road and other taxes on a certain building situated in Block 205 in the city of Springfield. The title to the land is in the city of Springfield. The city by ordinance first leased the property to M. W. Coolbaugh, M. C. Baker, R. R. Ricketts, their successors and assigns.

These parties accepted the terms of the ordinance and afterward transferred to the defendant, and afterward the city by ordinance and written lease, leased the property to the defendant. Defendant denies that it is the owner of the building and hence not liable in the present action for the taxes assessed against said building. It further contends that the building belongs to the city of Springfield, and that this defendant only has a leasehold interest in the property, which leasehold interest was not assessed, and is not involved in this case. The questions are few and simple. The lease and ordinances are in evidence. Relevant portions of them will be noted in the course of the opinion. Defendant, pursuant to the terms of the ordinance and lease, erected the building at the cost of $105,000 in the year 1912. In

addition it pays the city a rental of $1000 per year for the full lease term of fifty years. But the more material portions of the lease will be noted later.

The trial court found for defendant and the plaintiff has appealed.

I. That the exact facts may appear we give the history of the case as we gather it from the record. By Ordinance No. 6751, passed February 6, 1912, and approved by the mayor on February 8, 1912, it was, in Section 1 thereof, provided:

Ordinances and Lease.

"That the City of Springfield hereby contracts, to and with M. W. Coolbaugh, M. C. Baker, R. R. Ricketts, their associates and assigns, hereinafter known as lessees, 'as follows: Said lessees to build and erect and maintain for the City of Springfield a two-story fire proof building, to be located on the property now owned by the city, and commonly known as the City Lot, and located between Campbell Street and Market Street south of .College Street in said city. Such portion of the first floor of said building as may be required therefor to be used for a market house, the balance of said first floor to be used for other commercial purposes; the second story of said building to be used for an auditorium or convention hall. Said building and other improvements hereinafter provided to be made by said lessees to cost not less than sixty thousand dollars. *All of said improvements put on said property by said lessees to be the property of the said city."*

In Section 3 of the same ordinance it is also said: "Said lease to embrace and cover the building provided for in Section One of this ordinance."

Other portions of the ordinance provided for the rental to be paid the city, and for the grantees in the ordinance to manage, control, and rent the property, including the building which was to be constructed for the city, and there was also a provision as to repairs during the lease term of fifty years. This ordinance and all

its terms were duly accepted in writing by the grantees therein.

In August of the year 1912, there was passed and approved Ordinance No. 7250 of the City of Springfield, Missouri, which repealed Ordinance No. 6751, the title and first section of which read:

"An Ordinance repealing Ordinance No. 6751 approved February 8, 1912, and re-enacting the substance thereof so as to make the same conform to the intention of the parties thereto, by contracting with the Spring-field Convention Hall Association, a Corporation (the assignee of M. W. Coolbaugh, M. C. Baker, R. R. Ricketts and their associates named in said Ordinance No. 6751), for the building and erecting of a building to be located on the City Lot between Campbell Street and Market Street in the City of Springfield, Missouri, to be used and occupied as a Market House and Auditorium or Convention Hall; and leasing to said Springfield Convention Hall Association for a term of fifty years all of the property now owned by said city and known as the City Lot including the building to be erected thereon, except a strip forty feet wide off of the south side of said lot, occupied by the city with its Fire Department and City Jail, and excepting also a strip forty feet wide off of the south side of the City Lot, which is dedicated by this ordinance as a street; and authorizing the execution, acknowledgment and delivery of a lease to the said Spring-field Convention Hall Association for the said ground and building, a more particular description of the property so leased is contained in the body of this Ordinance.

"Be it ordained by the City Council of Springfield, Missouri, as follows:

"Section One.   That, whereas, by Ordinance No. 6751 approved February 8, 1912, the City of Springfield, Missouri, contracted with and leased to M. W. Coolbaugh, M. C. Baker, R. R. Ricketts, their associates and assigns, a part of the City Lot therein described, which ordinance was accepted by the lessees named therein on the 28th day of March, 1912, and took effect on the said last-men-

tioned date, and has since been duly assigned by the said lessees therein named to the Springfield Convention Hall Association, a corporation, the stockholders of which are the said M. W. Coolbaugh, M. C. Baker and R. R. Ricketts (named in said Ordinance) and their associates.

"And, whereas, the amendments to the said ordinance as they were in fact made, were, by oversight and inadvertence, not incorporated in said ordinance as signed by the mayor.

"Therefore, the said Ordinance No. 6751 is hereby repealed and the substance thereof re-enacted in this ordinance so as to conform to the real intention of the parties thereto and so as to carry out the covenants and agreements of said parties according to their true intent and purpose, and which ordinance as re-enacted is as follows, to-wit."

From the foregoing it appears that the original grantees from the city were stockholders and incorporators of the respondent in this case, and had assigned all their rights to respondent.

The second section of this ordinance, among other things provides: "That the City of Springfield hereby grants, lets, leases and demises for a term of fifty years, commencing on the 28th day of March, Nineteen Hundred and Twelve, and ending on the 28th day of March, Nineteen Hundred and Sixty-Two, to the Springfield Convention Hall Association, a corporation, their successors and grantees and assigns, the tract of land commonly known as the 'City Lot' and located in the City of Springfield, Missouri, between Campbell Street and Market Street and south of College Street, *and the building to be erected thereon,* excepting that portion of said 'City Lot' heretofore sold and that portion thereof now occupied by the city with its Fire Department and City Jail, and excepting forty foot strip off of the south side thereof hereby dedicated as a street."

From Section 5 of this ordinance it appears that a draft of a lease was presented with the ordinance, and by said Section Five, this lease and its terms are ap-

proved. In this lease the city of Springfield was denom-
inated the party of the first part, and the respondent
herein was the party of the second part. The granting
clause of this lease, cutting out the description of the
lot, reads:

"WITNESSETH: That the said party of the first
part, for and in consideration of the covenants of the
said party of the second part hereinafter set forth, doth
hereby Demise, Let, Lease and Grant unto the said
Springfield Convention Hall Association for a term of
fifty years, to-wit, commencing on the 28th day of March
A. D. One Thousand Nine Hundred and Twelve, and end-
ing on the 28th day of March A. D. One Thousand Nine
Hundred and Sixty-Two, the following described prem-
ises situated in the City of Springfield, in the County of
Greene and State of Missouri, to-wit: . . . Being a
tract of land commonly known as the 'City Lot' and lo-
cated in the City of Springfield, Missouri, between Camp-
bell Street and Market Street and south of College Street,
*and the building to be erected thereon,* excepting that
portion of said 'City Lot' heretofore sold and that por-
tion thereof now occupied by the city with its Fire De-
partment and City Jail, and excepting a 40-foot strip
off of the south side thereof dedicated as a street."

Other material recitals in the lease are:

"That in consideration of the *lease* of said property
by the said party of the first part, the said party of the
second part covenants and *agrees* with the said party of
the first part, *to erect a two-story fire-proof building* on
said land to cost not less than $60,000, a portion of the
first floor of said building to be used as a market house,
the second floor of said building to be used as an audi-
torium or Convention Hall.

"The said building, at the expiration of said lease,
together with the said tract of land, to belong absolutely
to the City of Springfield, however, the use and right of
occupancy of said building and said land is to be and re-
main in the said party of the second part for and dur-

ing the said full term of fifty years as herein provided, and subject only to forfeiture for failure of the second party to keep and perform the covenants herein provided for on its own part. . . .

"The said second party further agrees to keep the above described property, including said building, in good and proper repair for and during the said term of fifty years, said second party to have the full control of the premises hereby leased for said term, and with the right and power to sublet same or any part thereof and with the right and power to grant, convey and transfer the *leasehold* interest herein granted to the party of the second part at will, and with the right and power to mortgage or otherwise encumber said *leasehold interest* to secure any indebtedness which may now or hereafter exist against said second party, and with full power of the second party to fully insure in its own favor the *leasehold interest* in said building herein provided for."

Under this lease, as well as under the original ordinance, the city was to receive from the lessee the additional sum of $1000 per year for the full term of fifty years. This outlines the material facts.

II. The tax bill introduced in evidence shows that the assessment (which was for $21,250) was made against the "building only." There was no attempt to assess the leasehold estate of the defendant. There was no attempt to assess the land, the legal title to which was in the city of Springfield. In simple terms the assessment was against the "building only" as the property of the defendant. It will be time enough for us to pass upon the question as to whether or not the leasehold estate is taxable, under the law, when a case of that kind reaches us. This case involves the single question as to whether or not the building upon this city lot is the property of defendant, and as such taxable under the tax bill in evidence. This tax bill shows that the "building only" was assessed, and that it was assessed as the property of the

*Tax Assessment: Against Building Only.*

defendant. Upon that assessment the taxes in dispute were charged to defendant. If the building (so assessed) was not in law the property of the defendant, then the judgment *nisi* was right. This too, althought the trial court may have followed a different "avenue" to reach its conclusion. Of the single question next.

III. The defendant says it does not own this building, and that the taxes against it should not be charged to or collected from defendant. The city of Springfield is not sued, and for that reason the question of exemptions from taxation is not in this case. The force of appellant's brief is spent upon questions not in the case at all. In such brief much is said of tax exemptions. This is not in the case. Something is said in both briefs upon the question as to whether or not a leasehold is taxable. This is not in the case. No leasehold has either been assessed or taxed so far as we are advised. We must go to the tax bill, and it shows that the building was assessed as the property of defendant, and upon that assessment the taxes sued for were taxed to defendant. It will suffice to dispose of this matter, and leave other matters to a case where they are live issues. In this case we are only called upon to answer the one single question, i. e. was this building the property of defendant? If not, we have the end of the case, and additional matter would be mere *obiter*.

First, the very granting clause of the lease in evidence shows the grant of a leasehold to the defendant, which leasehold was to consist of the land and the building to be erected thereon. In this granting clause the building is specifically mentioned as a part of the property granted to defendant under the lease. There is no word in the lease giving to defendant any rights in the building, further than the right to use, occupy, sublet and such, which would legally follow a leasehold estate for fifty years. At the end of the term the defendant has no rights whatever as to the building. It was to receive

*Exemption: Obiter.* (margin note)

*Liability of Lessee for Taxes on Building.* (margin note)

no compensation for it, nor could it remove it. The lease, read as a whole, means that the city leased to defendant the land and the building which defendant might put upon it for a period of fifty years. The cost of the building and the additional sum of $50,000 in annual payments constituted the rent or consideration for the lease. To our mind the written instruments in evidence are opposed to the view that defendant had any interest in this building further than a leasehold covering it and the land upon which it was located. The title to both lot and building was in the city of Springfield. There is no time (under the wording of this lease) when the lessee can be the owner of the building. Absent (as here) a provision in the lease giving to the lessee something more than the mere use of the building during the term of the lease, the lessee has no title to the building which is erected upon the lands of the lessor, under the terms of the lease. This building was a part of the real estate owned by the city of Springfield, and by the lease the city leased the property (including the building to be erected) to the defendant. This instrument created a leasehold estate, covering both lot and building, and not an ownership of the building. In such case, where there is no assessment of the leasehold estate (as here) then there can be no judgment for taxes against the lessee. [State ex rel. v. Thompson, 149 Mo. 441.]

As said in the foregoing case the assessment and levy of taxes is purely statutory, and the statutes require lands and real estate to be assessed in the name of the owner thereof. The fee to both lot and building was in the city of Springfield. The property itself should have been assessed (if subject to assessment and taxation) to the owner, the city of Springfield. The leasehold estate (if subject to assessment and taxation at all) should have been assessed to defendant, unless the terms of the lease precludes this view. The assessment here is not upon the leasehold and hence not upon anything owned by the defendant. This suffices for an affirmance of the judgment.

There is an express provision in the lease requiring defendant to pay certain paving taxes or charges, and from this express provision it is plausibly urged that the lease being silent as to taxes and their payment other than this paving tax or charge, it was intended that the lessor (the owner) was to pay taxes. This we need not decide, for we have already assigned at least one sound reason for the affirmance of the judgment.

The judgment is therefore affirmed. All concur, except *Woodson, J.,* who dissents in separate opinion.

WOODSON, J. (dissenting).—I dissent from the majority opinion for the reason that the defendant has a lease on the lots mentioned for a period of fifty years on which he erected the building which has been taxed and he will continue to own it until the expiration of the lease when it will, under the terms of the lease pass to, and become, the property of the city, but until that time arrives the owner should pay the taxes on the property.

Suppose the building had been insured, or suppose it may hereafter be insured by the defendant and a loss should occur, would it be contended that he could not recover the loss because he has no insurable interest in the property? I think not.

I take it that the consideration for the lease is the $1000 which the defendant agreed to pay the city for the lot, and the building which is to become the property of the city at the expiration of the lease, which is of great value—it cost $105,000. I therefore dissent.