STATE of Missouri ex rel. Billy J. BRANDON, Relator,

v.

The Honorable David A. DOLAN, Judge of the Circuit Court of Scott County, Missouri, Respondent.

No. 23979.

Missouri Court of Appeals, Southern District, Division One.

April 20, 2001.

Motion for Rehearing or to Transfer to Supreme Court Denied May 11, 2001.

Application for Transfer Denied June 26, 2001.

Gerard T. Noce, Adrian P. Sulser, Kevin F. Hormuth, Noce & Buckley, L.L.C., St. Louis, for Relator.

Joseph C. Blanton, Jr., Bryan E. Nickell, Blanton, Rice, Sidwell & Nickell, L.L.C., Sikeston, for Respondent.

MONTGOMERY, Judge.

In this original proceeding in prohibition, Billy J. Brandon (Relator) seeks to prohibit the Honorable David A. Dolan (Respondent) from exercising further jurisdiction over the underlying action for wrongful death. The issue arose after Respondent overruled Relator's motion to dismiss the action as time-barred under the three-year limitation period in § 537.100.[1]

Plaintiffs' petition, filed July 7, 2000, alleged they were the wife and daughter of Wayne Taylor (Decedent) and that they were entitled to bring the action under § 537.080. Summarized, the petition alleged the following facts.

On the evening of July 21, 1995, and early morning hours of July 22, 1995, Terry Watkins consumed alcoholic beverages at a bar in Sikeston known as the Country Nites. The bar was owned and operated by Relator and others. Watkins was served intoxicating liquor while in an obviously intoxicated condition, and Relator was negligent and reckless in so serving Watkins.

While Watkins was intoxicated, he left the bar and drove his vehicle westbound in the eastbound lanes of Highway 60 in New Madrid County. At that time, Decedent was traveling east on Highway 60. The vehicle driven by Watkins struck Decedent's vehicle head-on, and Decedent died as a result of his injuries.

Finally, Plaintiffs allege that the sale of intoxicants to Watkins while he was obviously intoxicated was the proximate cause of the accident and that no persons were convicted or received a suspended imposition of sentence under § 311.310 for selling intoxicating liquor to an obviously intoxicated person.

Relator's motion to dismiss alleged that Plaintiffs' action was untimely because it was filed more than three years after their claim for Decedent's wrongful death had accrued on July 22, 1995. Plaintiffs op-

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

posed the motion by relying on *Kilmer v. Mun,* 17 S.W.3d 545 (Mo. banc 2000), where the Supreme Court struck down the requirement in § 537.053.3 that a "dram shop" claim is authorized only when the liquor licensee has been convicted or received a suspended imposition of sentence for violating § 311.310.[2] Plaintiffs argued that they had no claim against Relator prior to *Kilmer,* and, therefore, the limitation period did not commence until *Kilmer* was decided on May 9, 2000.

■■■■ Respondent denied Relator's motion to dismiss. We entered a preliminary order in prohibition on December 19, 2000, directing Respondent to take no additional action in the case until further order of this Court.

A discretionary writ in prohibition lies to stop a circuit court from proceeding on a claim asserted against a party where the claim is clearly barred and proceeding on the claim will produce useless and unwarranted litigation. *State ex rel. Simmerock v. Brackmann,* 714 S.W.2d 938, 939 (Mo.App.1986) (citations omitted). "[Prohibition] is generally allowed to avoid useless suits and thereby minimize inconvenience, and to grant relief when proper under the circumstances at the earliest possible moment in the course of litigation." *State ex rel. McDonnell Douglas Corp. v. Gaertner,* 601 S.W.2d 295, 296 (Mo.App.1980).

Relator argues that our preliminary order should be made permanent because Plaintiffs' injury was complete and ascertainable on July 22, 1995, for purposes of calculating the three-year limitation period in § 537.100; that Plaintiffs' untimely filed claim cannot be excused under *Kilmer* because retroactive application of that case violates Relator's vested, substantive right to be free from a claim extinguished by the applicable statute of limitations.

The "dram shop" act, § 537.053.3, authorizes a cause of action against a liquor licensee when the sale of intoxicants to an obviously intoxicated person is the proximate cause of injury or death. Prior to *Kilmer,* this provision only authorized a claim after the liquor licensee had been convicted or received a suspended imposition of sentence for violating § 311.310 by selling intoxicating liquor to "an obviously intoxicated person." Here, Relator was never charged with an offense under § 311.310.

Section 537.100 provides that "[e]very action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue." Plaintiffs' petition alleges their claim is made pursuant to § 537.080.

■■■ A cause of action under § 537.080 accrues to the statutory beneficiaries "when the death occurs." *Dzur v. Gaertner,* 657 S.W.2d 35, 36 (Mo.App.1983). See *Deming v. Williams,* 321 S.W.2d 720, 723 (Mo.App.1959) (holding that a cause of action under § 537.080 accrues upon occurrence of the wrongful death).

Under these cases, Plaintiffs' claim for wrongful death accrued on July 22, 1995, when decedent died in the automobile accident. Thus, the three-year limitation period in § 537.100 commenced on that date, at least in favor of Watkins.[3] As the law stood on July 23, 1998, Plaintiffs had no claim against Relator due to lack of prosecution under § 311.310, and at that same

---

**2.** *Kilmer* held that this statutory restriction "violates the 'open courts' provision of the Missouri Constitution's Bill of Rights, article I, section 14 which protects the [Plaintiffs'] right to pursue a remedy for a legally recognized injury." 17 S.W.3d at 546.

**3.** The record is silent on whether Plaintiffs pursued any claim against Watkins.

time Plaintiffs' claim against Watkins was time-barred. However, Respondent argues that *Kilmer* provided Plaintiffs with a right to sue Relator on May 9, 2000, and the limitation period in § 537.100 commenced on that date.

 In analyzing this issue, we are mindful of the public policy reasons behind the enactment of statutes of limitation. Generally, "statutes of limitations rest upon reasons of sound public policy in that they tend to promote the peace and welfare of society and are favored in the law, and cannot be avoided unless the party seeking to do so brings himself strictly within some exception." *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148 (Mo.App.1974). Furthermore, statutes of limitation are shields, "primarily designed to assure fairness to defendants by prohibiting stale claims, those where evidence may no longer be in existence and witnesses are harder to find, all of which tends to undermine the truth-finding process." *Mikesic v. Trinity Lutheran Hospital,* 980 S.W.2d 68, 73 (Mo. App.1998).

 Regardless of *Kilmer*'s effect on Plaintiffs' claim, we must first determine whether § 537.100 barred the claim on July 23, 1998. Respondent argues that their cause of action never "accrued" on July 22, 1995, because Plaintiffs' right to sue depended upon the happening of a future event, i.e., the conviction of Relator under § 311.310. Respondent cites *Title Insurance Company of Minnesota v. Construction Escrow Service, Inc.,* 675 S.W.2d 881, 887 (Mo.App.1984), for the general proposition that a cause of action accrues when the right exists to successfully prosecute a claim and the statute of limitations does not begin to run until that time. These legal principles in the context of that case are sound in that the title insurance company had no liability under its insurance policy until an insured risk had occurred. *Id.* After the insured risk occurred, the title insurance company timely and properly filed suit against the escrow company for failure to perform certain agreements. This case merely illustrates that the limitation period of § 516.120 begins to run under § 516.100 only when damages occur and are capable of ascertainment. *Id.* at 885. Here, unlike the title insurance case, Plaintiffs' damages occurred on July 22, 1995, and were capable of ascertainment at that time. Damages in a wrongful death case are "limited to the reasonably ascertainable pecuniary losses suffered by the statutory beneficiaries because of the death." *Sullivan v. Carlisle,* 851 S.W.2d 510, 513 (Mo. banc 1993).

Respondent also urges that the present situation is nearly identical to the facts in *De Paul Hospital School of Nursing, Inc. v. Southwestern Bell Telephone Co.,* 539 S.W.2d 542 (Mo.App.1976), where the court said:

> "So, whether at law or in equity, *the cause of action arises when, and only when, the aggrieved person has the right to apply to the proper tribunal for relief.* The statute does not attach to a claim for which there is no right of action, and does not run against a right for which there is no corresponding remedy or for which judgment cannot be obtained. The true test, therefore, to determine when a cause of action has accrued is to ascertain the time when *plaintiff could first have maintained his action to a successful result, regardless of the time when the actual damage results;* the fact that he might previously have brought a premature or groundless action is immaterial."

*Id.* at 546 (quoting 54 C.J.S. Limitations of Actions § 109, pp. 11–14).

We do not find *De Paul* persuasive. In that case, De Paul sued the telephone company for overcharges occurring between 1953 and 1972. Until the Public Service Commission, acting on De Paul's complaint, determined the correct rate, De Paul could not present evidence of damage. The telephone company claimed on appeal that the applicable three- or five-year statutes of limitations would bar most of the overcharges. The court disagreed and held:

> We agree with respondent that no part of its claim is barred by any statute of limitations because no cause of action for overcharges and discrimination under § 392.200 could be brought until the Public Service Commission acted on the complaint of October 9, 1968, and finally determined that, of the two published rates, respondent was entitled to the hotel rate. This did not occur until the effective date of the final order, January 4, 1972. Only then did respondent's cause of action accrue and become capable of ascertainment and the last item of its damage become known, "so that all resulting damage could be recovered, and full and complete relief obtained." Section 516.100

539 S.W.2d at 546.

The difference between *De Paul* and this case rests on the happening of a certain event versus an uncertain event. As noted in *De Paul*, the Public Service Commission has exclusive jurisdiction to determine which rates apply to a public utility customer, and suit cannot be brought for overcharges until that determination occurs. *Id.* at 547. The happening of a rate determination is certain because the Public Service Commission is charged with that duty.

On the other hand, *Kilmer* recognizes that "there is no certain remedy if the [Plaintiffs'] claim is entirely dependent upon whether or not the county prosecutor has prosecuted and obtained a conviction of their alleged wrongdoer for violating section 311.310...." 17 S.W.2d at 550. The court explained the uncertainty of prosecution by observing that the "prosecutor's decision may, of course, be vulnerable to inevitable pressures of local politics or other factors unrelated to the merits, yet is wholly immune from review." *Id.* at 552.

Thus, in *De Paul*, the plaintiff was delayed from bringing suit while waiting for an event certain to occur. Here, Plaintiffs were not delayed by such an event. *Kilmer* shows that Plaintiffs always faced uncertainty as to pursuing a claim under § 537.053.3. In any event, Plaintiffs faced a certainty on July 23, 1996, because Relator could not be prosecuted after that date under § 311.310. A violation of that statute is a misdemeanor, § 311.880, and the prosecution of a misdemeanor must be commenced within one year from date of offense. § 556.036.2(2). At least by July 23, 1996, Plaintiffs knew they could not successfully prosecute their claim under § 537.053.3.[4] At that time, Plaintiffs had the same option as the plaintiffs in *Kilmer*, i.e., file a claim under the dram shop act and attack the constitutionality of the conviction requirement.

 We find no reason to hold that Plaintiffs' wrongful death claim against Relator accrued later than the date of decedent's death. The public policy expressed in § 537.100 indicates that a three-year limitation period on a wrongful death suit prevents stale claims. A statute of

---

4. As in this case, the prosecutor in *Kilmer* declined to file charges against the alleged wrongdoer. 17 S.W.3d at 547.

limitations cannot be avoided absent some applicable exception. *Sisters of St. Mary,* 511 S.W.2d at 148. Section 537.100 does not contain an exception applicable to this case. Another consideration is that statutes of limitation are favored in the law and designed to assure fairness to a defendant. *Mikesic,* 980 S.W.2d at 73.

Accepting Respondent's argument would result in a determination that § 537.100 was tolled while Plaintiffs awaited a decision like *Kilmer.* Such a determination would violate the public policy of this state in that the presentation of stale claims would occur with a resulting unfairness to the defendant. We hold that Plaintiffs' claim under § 537.053.3 accrued on the date of decedent's death and was time-barred three years thereafter.

When Plaintiffs' claim against Relator expired on July 23, 1998, Relator acquired a vested right, substantive in nature, to be free from suit. In *Doe v. Roman Catholic Diocese of Jefferson City,* 862 S.W.2d 338, 341 (Mo. banc 1993), the Supreme Court held:

> This Court has held that once the original statute of limitation expires and bars the plaintiff's action, the defendant has acquired a vested right to be free from suit, a right that is substantive in nature, and therefore, *article I, section 13,* prohibits the legislative revival of the cause of action.

(citations omitted.)

In *Doe,* plaintiff sued for alleged battery, clergy malpractice, and breach of fiduciary duty after the statute of limitations had run on these actions. Meanwhile the legislature enacted § 537.046, the childhood sexual abuse statute. This statute authorized claims that had been barred under statutes of limitation applicable before August 28, 1990, the effective date of the statute. *Id.* at 339. The Court held that § 537.046 clearly contravenes the constitutional prohibition against retrospective laws by authorizing a claim that had previously been time-barred. *Id.* at 342.

*Doe* prohibits the legislative revival of a cause of action. We believe the reasoning of *Doe* squarely applies in this case to prohibit judicial revival of a cause of action.

Therefore, our preliminary order in prohibition is made permanent. Respondent is directed to take no further action in this case other than to enter an order dismissing Plaintiffs' time-barred petition.

PARRISH, P.J., and SHRUM, J., concur.