Angela PISKORSKI, Terry Piskorski, and Timothy Piskorski, Plaintiffs/Appellants,

v.

Rolando LARICE, Defendant,

and

Buster T's Grill & Pub, Inc., Defendant/Respondent.

No. ED 79696.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 29, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 2002.

Application for Transfer Denied April 23, 2002.

Alan S. Mandel, St. Louis, MO, for appellant.

Jerome C. Simon, Daniel D. Bennett, Brian D. Kennedy, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Plaintiffs, Angela Piskorski, Terry Piskorski, and Timothy Piskorski, appeal from the trial court's dismissal of their action against defendant, Buster T's Grill and Pub, Inc., in their action for the wrongful death of their mother. We reverse and remand.

On December 21, 1998, plaintiffs brought an action against defendant, Rolando LaRice (hereinafter LaRice). In their two-count petition, they alleged that they were the children of Mary Jo Piskorski, who was killed on December 4, 1998, when a vehicle driven by LaRice struck her vehicle. They sought actual damages for LaRice's negligent operation of his motor vehicle, including his being intoxicated, and punitive damages for "aggravating circumstances." On August 30, 2000, plaintiffs filed their first amended petition. In their first two counts, they repleaded their original action against LaRice. In the next two counts, they added a second defendant, Buster T's Grill and Pub, Inc. (hereinafter Buster T's), alleging that employees of Buster T's had knowingly provided alcohol to LaRice, an obviously intoxicated person. They sought actual and punitive damages in their action against Buster T's.

Buster T's filed a motion to dismiss or in the alternative a motion for summary judgment on the basis of Missouri's "dram shop" act, section 537.053.3, RSMo 2000. The motion alleged that plaintiffs' action based on "dram shop" liability was barred, because Buster T's neither was convicted of, nor pleaded guilty to, the offense of selling liquor to an obviously intoxicated person under section 311.310, RSMo 2000. It further asserted that *Kilmer v. Mun*, 17 S.W.3d 545 (Mo. banc 2000), the May 2000 decision which invalidated that part of section 537.053.3 requiring a criminal conviction or plea of guilty as a prerequisite to maintaining a cause of action under that statute, could not be retroactively applied to plaintiffs' cause of action.

The "dram shop" act, section 537.053.3, authorized a cause of action against a liquor licensee when the sale of intoxicants to an obviously intoxicated person was the proximate cause of injury or death. Prior to *Kilmer*, this provision only authorized a claim after the liquor licensee had been convicted or received a suspended imposition of sentence for violating section 311.310 by selling intoxicating liquor to "an obviously intoxicated person." Here, Buster T's was never charged with the misdemeanor offense of selling liquor to an obviously intoxicated person. The statute of limitations for a misdemeanor was one year. Section 556.036, RSMo 2000.

A wrongful death action under section 537.080, RSMo 2000 accrued to the statutory beneficiaries "when the death occurs." Section 537.100, RSMo 2000 provided that "[e]very action instituted under section 537.080 shall be commenced within three

years after the cause of action shall accrue." Plaintiffs' claim for wrongful death accrued on December 4, 1998, when their mother died in the accident; and the three-year statute of limitations for wrongful death commenced on that date. As the law existed on the date of the accident, plaintiffs had no claim against Buster T's under the "dram shop" act, unless it was prosecuted under section 311.310. The statute of limitations for a misdemeanor offense under section 311.310 was one year. Prior to *Kilmer*, plaintiffs' claim against Buster T's was time-barred one year after the accident, due to the lack of prosecution under section 311.310. Here, plaintiffs brought their action against Buster T's in August 2000, which was within the three-year statute of limitations for wrongful death, but not within the one-year statute of limitations for a misdemeanor.

The trial court granted the motion to dismiss on the basis that no employee of Buster T's was charged with violating section 311.310 within one year after the accident occurred. The trial court declined to apply *Kilmer* retroactively. Plaintiffs appeal from the dismissal of their action against Buster T's.[1]

■ Both parties agree that the record is unclear as to whether the trial court treated the motion as one to dismiss or one for summary judgment. In this case, the distinction is not important. The salient issue is whether the trial court erred in refusing to apply the *Kilmer* decision retrospectively and in dismissing the present action based on section 537.053.3.

In *Kilmer*, 17 S.W.3d at 545, the widow and children of Thomas Kilmer brought a wrongful death action against the driver whose car collided with Kilmer's and

against the restaurant who served beer to the driver after he was obviously intoxicated. The Missouri Supreme Court addressed the constitutionality of the requirement of a conviction or suspended imposition of sentence for violating section 311.310 as a prerequisite to maintaining a claim under the "dram shop" act. *Id.* at 545–546. Although Kilmer's family members requested a criminal charge against the restaurant, the prosecutor declined. *Id.* at 546–547. The supreme court determined that the prerequisite of a criminal conviction, in order for a plaintiff to proceed with a civil action, was both arbitrary and unreasonable. *Id.* at 553. The court therefore found unconstitutional that part of section 537.053.3 requiring a criminal prosecution and conviction as a procedural prerequisite to bringing a cause of action against a licensed seller of liquor by the drink. *Id.* The decision, however, was silent as to whether it was to be applied retroactively.

■ In the past, it has been stated that an unconstitutional statute is no law and confers no rights. *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner*, 583 S.W.2d 107, 118 (Mo. 1979). This is true from the date of its enactment, and not merely from the date of the decision branding it unconstitutional. *Id.* The modern view, however, rejects this rule to the extent that it causes injustice to persons who have acted in good faith and reasonable reliance upon a statute later held unconstitutional. *Id.*

Buster T's argues that the *Kilmer* decision should not be applied retroactively, because it had a vested right to be free from a suit sounding in dram shop liability. It claims that on December 5, 1999, one year after plaintiffs' mother's death, it had an absolute right to be free from suit,

---

1. Buster T's is the only respondent to this appeal. The trial court dismissed the action only as to Buster T's and designated the judg-

ment final for purposes of appeal under Rule 74.01(b).

because no criminal action had been brought and no conviction or suspended imposition of sentence has been entered against it during that period of time.

■ We disagree. Here, Buster T's suffered no injustice as a result of its reliance that it was free from liability based on the lack of a criminal prosecution within one year after the accident. Reliance indicates a voluntary choice of conduct by the person claiming reliance, and infers that the person can decide between available alternatives. *Sumners v. Sumners*, 701 S.W.2d 720, 724 (Mo.1985). Here, Buster T's knew that under section 537.053.3, it could be subject to liability if its sale of alcohol to an obviously intoxicated person was the proximate cause of injury or death to a third party. Further, Buster T's knew that the prosecutor could charge its employee if the employee sold liquor to an obviously intoxicated person in violation of section 311.310. Buster T's, however, had no control over whether the prosecutor brought such charges. Even after *Kilmer*, section 537.053.3 remained essentially the same. *Kilmer* merely held unconstitutional that part of the statute requiring a criminal prosecution and conviction as a prerequisite to bringing a cause of action. It did not change Buster T's duty to a person who suffered injury or death if Buster T's sale of liquor to a person obviously intoxicated was the proximate cause of such injury or death. After *Kilmer*, the only changes were that Buster T's could be subject to statutory liability, regardless of whether its employee was charged with violating section 311.310; and that it could be subject to liability under the "dram shop" act for a period of three years, instead of just one. Buster T's could not rely on, or have a vested right in, an unconstitutional provision of a statute to protect it from liability in the instant action. To hold otherwise would deprive plaintiffs of a cause of action against Buster T's, the very injustice

which led the supreme court to hold the prerequisite of a criminal prosecution and conviction unconstitutional in *Kilmer*. See, e.g., *Sumners*, 701 S.W.2d at 724 ("source of funds rule" for division of marital property applied retroactively or else would lead to the injustice of a non-owning spouse being deprived of any benefit of funds or effort of the marital community used to enhance the value of the asset).

Buster T's also relies on *W.B. v. M.G.R.*, 955 S.W.2d 935, 937 (Mo. banc 1997) for the proposition that generally retrospective laws are defined as laws which take away or impair rights acquired under existing laws. *W.B.* involved a change in the law by the legislature, which resulted in the removal of a five-year bar for an action to determine the existence or non-existence of a parental relationship. *Id.* Appellant, mother's present husband, filed a petition to have himself declared the father of a nine-year-old child; and respondent, the child's presumed father, countered that he had a vested right to be free from a suit challenging his paternity, because such a right became absolute when the child reached her fifth birthday. *Id.* The Missouri Supreme Court found that the current law, as applied to respondent, was unconstitutionally invalid, and affirmed the trial court's dismissal of the action on that ground. *Id.* The *W.B.* decision, however, is not controlling, because it involved a change in a statute by the legislature. In contrast, the present action involved a judicial decision that a portion of an existing statute was unconstitutional from the date of its enactment.

In addition, this is not a situation where plaintiffs' action based on section 537.053.3 was filed outside of the three-year limitation period for wrongful death actions. *See State ex rel. Brandon v. Dolan*, 46 S.W.3d 94 (Mo.App. S.D.2001). In *Brandon*, plaintiffs, a wife and a daughter, brought an action on July 7, 2000, alleging

that Wayne Taylor had been killed in a collision with an intoxicated driver on July 22, 1995. *Id.* at 95. They alleged that the sale of liquor by Brandon, who operated and owned the bar with others, to the driver was the proximate cause of the accident. *Id.* The appellate court reasoned that the cause of action for wrongful death accrued on the date of death and was time-barred three years later, and ordered the trial court to dismiss the petition. *Id.* at 99. In contrast to the plaintiffs in *Brandon*, plaintiffs in the present action filed their first amended petition sounding in "dram shop" liability within the three-year statute of limitations period. The one-year limitation period was not applicable to Buster T's, because that portion of the statute giving rise to the one-year limitation period, based on whether the prosecutor filed charges within that time period, was declared unconstitutional and severed from the statute. Therefore, the statute of limitations for the present action was three years, not one; and plaintiffs filed their action within the applicable time period.

The trial court erred in determining that *Kilmer* should not be applied retrospectively and in dismissing plaintiffs' action against Buster T's on the basis of the prosecutor's failure to bring criminal charges. In light of *Kilmer*, plaintiffs' action was filed properly under the "dram shop" act, because section 537.053.3 no longer required a criminal prosecution and conviction as a procedural prerequisite to bringing a cause of action against a licensed seller of liquor by the drink.

The judgment of the trial court is reversed and the cause is remanded.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR. J., Concur.