**NIKE IHM, INC., f/k/a Tetra Plastics, Inc., et al., Appellants,**

v.

**Eugene ZIMMERMAN, Assessor, St. Charles County, Missouri, Respondent.**

No. ED 82476.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 14, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 10, 2003.

Application for Transfer Denied Jan. 27, 2004.

---

See also 25 S.W.3d 159.

Byron E. Francis, Jeffery T. McPherson, Cynthia A. Sciuto, St. Louis, MO, for appellant.

Charissa L. Mayes, St. Charles, MO, for respondent.

BOOKER T. SHAW, Judge.

Appellants Nike IHM, Inc., f/k/a Tetra Plastics, Inc., Zoltek Corporation, and Research Park Investments, L.L.C. ("Appellants") appeal from the trial court's judgment affirming the State Tax Commission's ("the Commission") decision upholding the St. Charles County Board of Equalization's ("BOE") reassessment of Appellants' leasehold properties in 2000.

Appellants are leaseholders of certain lots of real property located in St. Charles County ("the Properties") which are owned by the University of Missouri. The Properties are part of a research park known as Missouri Research Park, which was created pursuant to Section 172.273.3, RSMo 1986. This section states in relevant part that:

> [p]rovided such land is owned by the university, no leasehold or other interest therein, by whomsoever held, shall be separately assessed or taxed, and such real property as a whole shall be deemed the property of the curators of the University of Missouri and be exempt from all forms of property tax.

Therefore, pursuant to this section, no leasehold in the Properties at issue could be separately assessed or taxed and the Properties as a whole were exempt from all forms of property tax.

Nevertheless, since 1994, the Assessor of St. Charles County ("the Assessor") has assessed the Properties for taxation. Appellants appealed to the BOE each time they were assessed taxes and each time

the BOE determined that the Properties were tax exempt and not subject to taxation. However, in 1996, the BOE challenged the constitutionality of Section 172.273.3, RSMo 1994, in the Circuit Court of St. Charles County. This Court, in *Missouri Bluffs Golf Joint Venture v. St. Charles Board of Equalization,* 943 S.W.2d 752 (Mo.App. E.D.1997), held that the BOE lacked authority to consider the constitutionality of the statute and that Section 172.273.3, RSMo 1986, clearly provides that the Properties are exempt from taxation.

Also in 1996, the Assessor and St. Charles County filed an action in the Circuit Court of St. Charles County, arguing that Section 172.273.3, RSMo 1994, violates Article X, Section 6 of the Missouri Constitution. On September 7, 1999, the trial court held that Section 172.273.3, RSMo 1994, was constitutional and did not unconstitutionally exempt certain leasehold interests from taxation. As a result, the Assessor was ordered to remove the Appellants' leasehold interests in the Properties from the tax rolls and to not assess that interest for the purpose of taxation. Subsequently, on September 24, 1999, the Assessor and St. Charles County appealed the trial court's judgment to the Missouri Supreme Court. On March 31, 2000, the Assessor informed Appellants that the Properties were being assessed taxation for the year 2000 and being included in the assessment rolls for that year. Subsequently, by notices dated May 18, 2000, the BOE reduced the assessed values of the Properties to $0 as a result of the trial court's September 7, 1999 decision finding Section 172.273.3, RSMo 1994, constitutional.

On August 1, 2000, the Missouri Supreme Court entered its judgment holding that Section 172.273.3, RSMo 1994, violates Article X, Section 6 of the Missouri Constitution and reversed and remanded the case "for proceedings consistent with this opinion." *St. Charles County, et al. v. Curators of the University of Missouri, et al.,* 25 S.W.3d 159, 162 (Mo.2000). Subsequently, by notices dated August 29, 2000, the BOE increased the assessed values of the Properties, and added the leasehold interests in the land to the leasehold interests in the buildings. Appellants appealed the new assessments to the BOE, but their appeals were denied. Appellants then appealed to the Commission. The parties submitted to the Commission stipulated facts and briefs regarding their respective arguments. On February 5, 2002, the Commission held that the Properties were not exempt from taxation for the year 2000 and affirmed the BOE's decision. The Commission reasoned, pursuant to Section 138.380, RSMo 2000, that "it is the duty of the Commission to cause to be placed upon the assessment rolls at any time during the year property which may be discovered to have, for any reason, escaped taxation." The Commission's decision was affirmed by the Circuit Court of St. Charles County on October 8, 2002. This appeal follows.[1]

■ On appeal, we review the Commission's decision to determine whether it was supported by competent and substantial evidence on the whole record, whether it was arbitrary and capricious or unreasonable, or whether the Commission abused its discretion. *Maryville Properties, L.P. v. Nelson,* 83 S.W.3d 608, 612 (Mo.App. W.D.2002).

---

1. Appellants originally filed this appeal in the Missouri Supreme Court. However, the Supreme Court, by Order dated February 7,

2003, transferred the case to this Court pursuant to Article V, Section 11 of the Missouri Constitution.

■ In their first point on appeal, Appellants argue the Commission erred in affirming the BOE's reassessment of the Properties in August, 2000, and the BOE's treatment of the Properties on the tax rolls as taxable properties for the year 2000, because neither Section 138.380, RSMo 2000, nor Section 120.220 of the St. Charles County Code authorized the Commission's or the BOE's actions. Specifically, Appellants argue that the Properties are not "omitted properties" under Section 138.380, RSMo 2000, that were discovered to have escaped taxation, nor were the Properties omitted from the Assessor's books under Section 120.220.2 of the St. Charles County Code.

■ Section 138.380(3), RSMo 2000, provides that it is the duty of the Commission "[t]o cause to be placed upon the assessment rolls at any time during the year omitted property which may be discovered to have, for any reason, escaped assessment and taxation, and to correct any errors that may be found on the assessment rolls and to cause the proper entry to be made thereon...." Contrary to Appellants' position, the definition of the term "omitted property" must be construed in the full context of this statute, including the legislative intent behind the statute. *See Missouri Rural Electric Cooperative v. City of Hannibal,* 938 S.W.2d 903, 905 (Mo. banc 1997) ("The Court reads the entire statute and interprets it according to the legislative intent revealed by that reading."). Here, the context of the term "omitted property" in this statute, and its placement within the relevant statutory scheme, leads us to conclude that this term refers to property that has not been previously assessed or taxed for any reason.

Appellants' focus on the word "discovered" ignores the context of the statute as a whole and the overall policy and intent of the statute. Section 138.380, RSMo 2000, as a whole, clearly contemplates that if the Commission becomes aware of property that, for any reason, has escaped assessment and taxation, it is its duty, after such discovery, to include such property in the state's tax rolls. The Commission, pursuant to this statute, has the authority to assess taxes without regard to the reason why the property had not been assessed taxation previously. Here, the Properties became taxable, but had not been taxed, and therefore had escaped taxation. The Commission has the authority to add the Properties to the tax rolls if they escaped taxation "for any reason." The reason the Properties escaped taxation was because Section 172.273.3, RSMo 1986, made the Properties exempt from taxation. When this statute was declared unconstitutional by the Supreme Court, the Properties were properly added to the tax rolls by the Commission pursuant to Section 138.380, RSMo 2000, because they could no longer legally escape taxation.

Appellants' argument that the Properties did not escape assessment because they were given a $0 value by the Assessor ignores the fact that the Properties were listed in the Assessor's books in this manner only because Appellants were successful in their prior attempts to challenge the Assessor's assignment of a true value to these Properties. In this case, the $0 value was merely a place holder and tax rate multiplier that insured that any tax rate applied to the Properties would result in the Properties not being taxed, as any applicable tax rate multiplied by the $0 value would yield a $0 levy. As a matter of fact, stipulated facts before the Commission reflect that the Properties were actually valued at millions of dollars. Obviously, the Properties' $0 assessed value has no relation to the Properties' true monetary value. Point I is denied.

In their second point on appeal, Appellants argue the Commission erred in affirming the BOE's reassessment of the Properties on August 29, 2000 based on the Assessor's recommendation because the Assessor and the BOE were not authorized to make new assessments of the Properties after August 10, 2000. Specifically, Appellants argue that their tax liability for the Properties was a sum certain on August 10, 2000 and, that the Properties were assessed after the trial court's judgment declaring that Section 172.173.3, RSMo 1994, was constitutional.

As already discussed in point one above, it is the Commission's duty, regardless of the BOE or the Assessor's decisions regarding the Properties, to ensure that the Properties were properly placed on the tax rolls for 2000. Because Section 138.380, RSMo 2000, states that the Commission has the authority to do this "at any time during the year," its decision was not erroneous. In addition, as discussed in point four below, Appellants have no vested right in the anticipated continuance of the validity of a statute. *See Cosada Villa of Missouri, Inc. v. Missouri Dept. of Social Services and Administrative Hearing Com'n*, 868 S.W.2d 157, 160 (Mo.App. W.D. 1994). This is particularly true in this case, where Appellants were involved in the litigation that ultimately led to the Supreme Court striking down their tax-exempt status on August 1, 2000, such that they knew that their leasehold interests would then be subject to taxation. Point II is denied.

■ In their third point on appeal, Appellants argue the Commission erred in affirming the BOE's reassessment of the Properties in August, 2000 because the reassessment violated the two-year assessment cycle set forth in Section 137.115, RSMo 2000, which requires that the assessed value of the Properties for 1999 be applied in 2000.

The Commission specifically stated in its February 5, 2002 decision that "[t]he only issue which [it] must reach in order to render its decision is the matter of the exemption granted the properties under Section 172.273.3." Further, the Commission concluded the following with respect to the valuation of the Properties:

The issue of the true value in money of the subject properties, as of January, 2000, is not reached in this decision. Once judicial review is had, or the time for same has expired without Complainants seeking judicial review, then it will be necessary for the Commission to hear evidence on the issue of the fair market value of the subject properties as of January 1, 1999, in order to make a valuation of the [P]roperties under Section 137.115 for tax year 2000.

Because it appears from the Commission's decision that it has not yet taken the opportunity to review in full the issue of the reassessment of Appellants' Properties, we do not review that issue in this appeal as it is not yet ripe for our review. *See Missouri Health Care Ass'n. v. Attorney General of Missouri*, 953 S.W.2d 617, 621 (Mo.1997) ("A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character."). Point III is denied.

■ In their fourth point on appeal, Appellants argue the Commission erred in affirming the BOE's reassessment of the Properties in August, 2000 because the Supreme Court's decision should not have been applied retroactively. Specifically, Appellants argue the Supreme Court's decision established a new rule of law by overruling past precedent, the purpose of the new rule would not be enhanced by retroactive application and the balancing of the interests of those affected by the new

rule weighs in favor of only applying the decision prospectively.

 The Missouri Constitution prohibits laws that operate retroactively. *Mid–America Dairymen, Inc. v. Payne,* 990 S.W.2d 648, 654 (Mo.App. S.D.1999). A statute operates retroactively " 'if it takes away or impairs a vested or substantial right or imposes a new duty in respect to a past transaction.' " *Id.* (quoting *Beatty v. State Tax Comm'n,* 912 S.W.2d 492, 496 (Mo. banc 1995)). Vested rights are "more than [ ] mere expectations[s] based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another." *Beatty,* 912 S.W.2d at 496. However, entities do not have a vested right in a law that entitles them to insist that a law not be changed. *Id.; see also, Cosada Villa of Missouri, Inc.,* 868 S.W.2d at 160.

Appellants rely almost solely on *Trans UCU, Inc. v. Director of Revenue,* 808 S.W.2d 374 (Mo.1991), and its three-factor analysis in determining whether an overruling decision should be given prospective-only effect. However, that case addressed the application of an opinion overruling certain case law and the application of that case to *other, unrelated cases.* In the case before us, the Commission was applying the Missouri Supreme Court's opinion relating to the *same case,* involving the *same facts* and the *same parties.* Appellants cite us to no authority that states that an agency or lower court applying the decision of a higher court in the case before it makes the application of that decision retroactive. That is exactly the factual situation with which we are presented here.

The Assessor and St. Charles County challenged the constitutionality of Section 172.273.3, RSMo 1994, in 1996 before the circuit court and appealed that decision to the Missouri Supreme Court in 1999. On August 1, 2000, the Missouri Supreme Court held that Section 172.273.3, RSMo 1994, was unconstitutional and reversed and remanded the case for "further proceedings consistent with this opinion." *St. Charles County,* 25 S.W.3d at 162. In doing so, the Supreme Court was deciding an appeal relating to an existing case and controversy before it, which stemmed back to 1996. In other words, the Assessor and St. Charles County's appeal, which began with the 1996 constitutional challenge of Section 172.273.3, RSMo 1994, was successful. As a result, the Properties were not exempt from taxation under this statute as Appellants had argued. Therefore, on remand from the Supreme Court, it was proper for the Commission to hold that the Properties could be assessed taxes for the year 2000. In so holding, the Commission was merely enforcing and applying the Missouri Supreme Court opinion that found Section 172.273.3, RSMo 1994, to be unconstitutional. As such, the Commission did not retroactively apply the law in this case.

Furthermore, this Court recently held that "an unconstitutional statute is no law and confers no rights ... from the date of its enactment, and not merely from the date of the decision branding it unconstitutional[, except] ... to the extent that it causes injustice to persons who have acted in good faith and reasonable reliance upon a statute later held [to be] unconstitutional." *Piskorski, et al. v. Larice, et al.,* 70 S.W.3d 573, 575 (Mo.App. E.D.2002). In *Piskorski,* 70 S.W.3d at 574–75, this Court reversed and remanded the trial court's judgment which refused to apply a Missouri Supreme Court opinion retroactively and dismissed the parties' cause of action. While we do not believe that the Commission retroactively applied the law in the case before us, the facts and reasoning in *Piskorski* are helpful to our analysis.

In *Piskorski,* plaintiffs brought a wrongful death action against the intoxicated driver who struck their mother. *Id.* at 574. In August, 2000, plaintiffs filed their first amended petition, adding a second defendant, Buster T's Grill and Pub, Inc. ("Buster T's"), because its employees allegedly provided alcohol to the already intoxicated driver who struck their mother. *Id.* Buster T's filed a motion to dismiss or in the alternative for summary judgment because Missouri's dram shop act, Section 537.053.3, RSMo 2000, barred their liability. *Id.* Specifically, Buster T's argued that because it was neither convicted nor did it plead guilty to the offense of selling alcohol to an obviously intoxicated person under Section 311.310, RSMo 2000, it could not be sued. *Id.* Buster T's further argued that the Missouri Supreme Court opinion entered in May, 2000, *Kilmer, et al. v. Mun, et al.,* 17 S.W.3d 545 (Mo. banc 2000), which invalidated the portion of Section 537.053.3, RSMo 1994, that required a criminal conviction or a plea of guilty prior to being able to maintain a cause of action under that statute, should not be applied retroactively to the plaintiffs' cause of action. *Id.*

Specifically, in *Piskorski,* the Court dismissed Buster T's argument that it had a vested right to be free from suit under the dram shop statute. *Id.* at 575–76. The Court found that Buster T's suffered no injustice from its reliance that it was free from liability under the dram shop statute because it was not subject to criminal prosecution within one year after the accident. *Id.* at 576. The Court, reasoning that "[r]eliance indicates a voluntary choice of conduct by the person claiming reliance, and infers that the person can decide between available alternatives," found that the defendant knew it could be subject to liability under the statute if certain conditions existed, and that it had

no control over whether the prosecutor brought charges against it. *Id.* The Court held that "Buster T's could not rely on, or have a vested interest in, an unconstitutional provision of a statute...." *Id.* The Court found that, "[t]o hold otherwise would deprive plaintiffs of a cause of action against Buster T's, the very injustice which led the [S]upreme [C]ourt to hold the [provision of the statute discussed in *Kilmer* ] unconstitutional...." *Id.*

Similarly, in the case before us, Appellants had no vested interest in, nor could they rely upon, the continuing validity of Section 172.273.3, RSMo 1994, that exempted them from taxation. This is particularly true where Appellants continued to rely on the statute's constitutionality for many years, knowing that the Assessor and St. Charles County had been challenging its constitutionality since 1996, and that they were the named parties in that action. Appellants were fully aware of the possibility that Section 172.273.3, RSMo 1994, could be found unconstitutional and that the Properties could be subject to assessment and taxation. To prevent the Assessor and St. Charles County from assessing and taxing the Properties for the year 2000, after the Missouri Supreme Court entered its opinion specifically finding that the statute exempting Appellants' leaseholds from taxation was unconstitutional, would be unjust, and inconsistent with the law. Point IV is denied.

The trial court's judgment upholding the Commission's decision that the Properties and Appellants' leaseholds in the Properties should be taxed in 2000 is affirmed.

AFFIRMED.

MARY R. RUSSELL, P.J. and CLIFFORD H. AHRENS, J., concurs.