**SUPREME COURT OF MISSOURI**
**en banc**



| | | |
|---|---|---|
| BRENT JOHNSON, IN HIS OFFICIAL CAPACITY AS THE ASSESSOR FOR GREENE COUNTY, MISSOURI AND GREENE COUNTY, MISSOURI, | ) ) ) ) | *Opinion issued August 9, 2022* |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | No. SC99441 |
| | ) | |
| SPRINGFIELD SOLAR 1, LLC, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEN ICET, IN HIS OFFICIAL CAPACITY AS THE COLLECTOR FOR GREENE COUNTY, MISSOURI, | ) ) ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY**
**The Honorable Michael J. Cordonnier, Judge**

Greene County, Missouri, and its Assessor appeal the circuit court's judgment that

the solar energy system owned by Springfield Solar 1, LLC, (the "Equipment") was tax-

exempt as a "solar energy system not held for resale" pursuant to section 137.100(10).[1]

---

[1] All statutory references are to RSMo 2016.

Because the Missouri Constitution does not grant the legislature the power to exempt "solar energy systems not held for resale" from taxation, section 137.100(10) is unconstitutional. Accordingly, the judgment is vacated, and the case is remanded.

## Background

Springfield Solar's Equipment is located on property owned by City Utilities of Springfield. Springfield Solar and City Utilities entered into an agreement, which gave City Utilities the option to purchase the Equipment 1) at the end of the seventh contract year, or 2) at the end of any subsequent contract year, or 3) at the end of the term of the agreement. The agreement also required City Utilities to purchase all energy the Equipment generated during the term of the contract.

Beginning in 2017, the Assessor for Greene County began assessing the Equipment for property taxes. Springfield Solar appealed the assessment to the Missouri State Tax Commission, arguing the Equipment was tax-exempt under section 137.100(10), which states "[s]olar energy systems not held for resale" are exempt from taxation "for state, county or local purposes." The Assessor and Springfield Solar filed cross-motions for summary judgment on the issue of whether the Equipment was tax-exempt under the statute. In his motion, the Assessor additionally argued section 137.100(10) was unconstitutional and void pursuant to article X, section 6 of the Missouri Constitution. The senior hearing officer sustained Springfield Solar's summary judgment motion, finding the Equipment was a "solar energy system not held for resale" and, therefore, was exempt from taxation pursuant to section 137.100(10). The senior

2

hearing officer further ruled she had no authority to decide the constitutional validity of section 137.100(10). The Assessor appealed the decision, and the Commission affirmed.

The Assessor then filed a petition in the circuit court seeking judicial review of the Commission's decision, arguing it violated the Missouri Constitution and/or was unauthorized by law. Greene County was subsequently joined as a plaintiff, and both plaintiffs filed an amended petition seeking judicial review of the Commission's decision ("Count I"), or, in the alternative, a declaratory judgment that section 137.100(10) violated article X, section 6 of the Missouri Constitution ("Count II"). Springfield Solar filed a counterclaim seeking a declaratory judgment that the Assessor's tax assessments for 2017, 2018, and 2019 were void because the Equipment was plainly exempt under section 137.100(10). Both parties filed motions for summary judgment. In November 2021, the circuit court dismissed Count I and entered judgment in Springfield Solar's favor on Count II and the counterclaim.[2] The circuit court found section 137.100(10) was constitutional and, even if it was not, the Assessor lacked authority to ignore the

---

[2] The circuit court dismissed Count I because "it would be not be appropriate . . . to enter judgment on both counts."

exemption unless and until a court declared that statute unconstitutional.[3]  The Assessor

and Greene County now challenge the circuit court's decision.[4]

## Standard of Review

This Court reviews the circuit court's grant of summary judgment *de novo*.

*Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. banc 2011).  Summary judgment

requires the moving party to establish that there is no genuine issue of material fact and

that the movant is entitled to judgment as a matter of law.  *Id.*; Rule 74.04.  The question

of whether a statute is constitutional is also reviewed *de novo*.  *State v. Vaughn*, 366

S.W.3d 513, 517 (Mo. banc 2012).  "Statutes are presumed constitutional and will be

found unconstitutional only if they clearly contravene a constitutional provision."  *Id.*

---

[3] The circuit court assumed the Assessor assessed the Equipment *only* because he believed section 137.100(10) was unconstitutional.  When defending his assessments before the Commission, however, the Assessor advanced two arguments: 1) that the Equipment did not qualify as a "solar energy system not held for resale" under section 137.100(10); and 2) that section 137.100(10) was unconstitutional.  Of course, "laws enacted by the legislature and approved by the governor have a strong presumption of constitutionality," *Jackson Cnty. Sports Complex Auth. v. State*, 226 S.W.3d 156, 160 (Mo. banc 2007), unless and until declared unconstitutional by a court of competent jurisdiction.  As a result, the Assessor had no authority to ignore section 137.100(10) on the ground that he thought it was unconstitutional.  But he undoubtably had the power to interpret that statute and assess the Equipment if he reasonably determined it was not covered by the statute.  *See, e.g.*, *State Auditor v. Joint Comm. on Legis. Rsch.*, 956 S.W.2d 228, 231 (Mo. banc 1997) ("[T]he power to administer and enforce the law lies solely with the executive branch.").  Springfield Solar acknowledged such in its brief, stating that the Assessor was "entitled to challenge whether [the] Equipment came within the [s]tatute and issue an assessment[.]"  The Assessor took the position before the Commission that, even affording section 137.100(10) the due presumption of constitutionality, the Equipment was not exempt under that statute.  That issue was decided against the Assessor, and neither the Assessor nor Greene County sought review of the Commission's determination in the circuit court.

[4] This Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

4

**Analysis**

The issue before this Court is whether section 137.100(10) is constitutionally valid. "The constitution sets out the universe of property exempt from taxation." *St. Charles Cnty. v. Curators of Univ. of Mo.*, 25 S.W.3d 159, 162 (Mo. banc 2000). In doing so, it "clearly expresses the people's intent that only a limited number of properties may be exempted from taxation." *Arsenal Credit Union v. Giles*, 715 S.W.2d 918, 921 (Mo. banc 1986). Constitutional provisions should not be interpreted to subvert that constitutional objective. *See Mercantile Bank Nat'l Ass'n v. Berra*, 796 S.W.2d 22, 24 (Mo. banc 1990) (noting article X, section 4(c) "was adopted in light of the history of the taxation of state and national banks and was not an assumption of the existence of general authority in the lawmakers to enact substitute tax legislation in contravention of specific constitutional limitations" (internal quotations omitted)).

Article X, section 6 of the Missouri Constitution expressly exempts certain categories of property from taxation while permitting the General Assembly to establish tax exemptions for other specific categories of property.[5] Section 6 further provides, "All

---

[5] In relevant part, article X, section 6 states the following property is exempt from taxation:

> All property, real and personal, of the state, counties and other political subdivisions, and nonprofit cemeteries, and all real property used as a homestead as defined by law of any citizen of this state who is a former prisoner of war, as defined by law, and who has a total service-connected disability, . . . [and] all personal property held as industrial inventories, including raw materials, work in progress and finished work on hand, by manufacturers and refiners, and all personal property held as goods, wares, merchandise, stock in trade or inventory for resale by distributors, wholesalers, or retail merchants or establishments[.]

Section 6 additionally gives the legislature the power to exempt the following property from taxation:

laws exempting from taxation property other than the property enumerated in this article, shall be void." Springfield Solar does not contest that a "solar energy system not held for resale" does not fall within any of the categories laid out in section 6. Rather, it contends the authority to create that tax exemption stems from article X, sections 4(a) and 4(b).

Article X, section 4(a) states, in relevant part:

> All taxable property shall be classified for tax purposes as follows: class 1, real property; class 2, tangible personal property; class 3, intangible personal property. The general assembly, by general law, may provide for further classification within classes 2 and 3, based solely on the nature and characteristics of the property, and not on the nature, residence or business of the owner, or the amount owned.

Article X, section 4(b) further provides: "Property in classes 1 and 2 and subclasses of those classes, shall be assessed for tax purposes at its value or such percentage of its value as may be fixed by law for each class and for each subclass." Springfield Solar argues that, by providing the legislature with the authority to create subclasses of tangible personal property and fix the tax rates for those subclasses, those two provisions implicitly permit the legislature to set a zero-percent tax rate—i.e., a tax exemption—for any subclass of tangible personal property it so chooses.

---

> [A]ll property, real and personal, not held for private or corporate profit and used exclusively for religious worship, for schools and colleges, for purposes purely charitable, for agricultural and horticultural societies, or for veterans' organizations[,] . . . [and] household goods, furniture, wearing apparel and articles of personal use and adornment owned and used by a person in his home or dwelling place[.]

Springfield Solar correctly observes some other article X provisions have been interpreted as permitting the legislature to establish tax exemptions beyond those listed in section 6. For example, section 4(c) allows the legislature to substitute "another form of tax, probably an excise tax," for the property tax on bank shares and "constitutes an exemption from personal property taxation in addition to those enumerated in [section] 6." *Mercantile Bank*, 796 S.W.2d at 26-27. Additionally, article X, section 7 permits the legislature to provide "partial relief from taxation" for lands devoted to the purpose of "encouraging forestry . . . and the reconstruction, redevelopment, and rehabilitation of obsolete, decadent, or blighted areas[.]" *See also Land Clearance for Redevelopment Auth. of City of St. Louis v. City of St. Louis*, 270 S.W.2d 58, 64-65 (Mo. 1954) (finding a legislatively created tax exemption valid under article X, section 7).

Springfield Solar incorrectly claims its proffered interpretation of sections 4(a) and 4(b) is no different. Both section 4(c) and section 7 provide *express authority* for the legislature to create tax exemptions *for specific types of property*. In contrast, Springfield Solar now asks this Court to find sections 4(a) and 4(b) grant the legislature *implied authority* to create tax exemptions *for any type of real or personal property*. Doing so would require this Court to ignore the explicit language in article X, section 6 indicating all property tax exemptions not *enumerated* in article X shall be void. Further, such an interpretation would completely undermine the purpose of section 6 by effectively creating a backdoor for tax exemptions not enumerated in the constitution. As such, Springfield Solar's argument that article X, sections 4(a) and 4(b) permit the legislature to create a tax exemption for "solar energy systems not held for resale" is rejected.

7

Accordingly, the tax exemption created by section 137.100(10) is unconstitutional, and the circuit court erred in overruling the Assessor and Greene County's motion for summary judgment on that claim.[6]

## Conclusion

Because the Missouri Constitution does not grant the legislature the power to exempt "solar energy systems not held for resale" from taxation, section 137.100(10) is unconstitutional. Accordingly, the Equipment is not tax-exempt. The circuit court's judgment is vacated, and the case is remanded.[7]

_____
Mary R. Russell, Judge

All concur.

_____

[6] Springfield Solar argues that, even if section 137.100(10) is unconstitutional, it is entitled to that exemption for the three years at issue (i.e., 2017, 2018, and 2019) because the law was presumed constitutional at that time those assessments were made. Plainly, this is incorrect. The validity of all three years' assessments has been the focus of this litigation since its inception. Springfield Solar put it there. As such, the declaration section 137.100(10) is unconstitutional vindicates all three of the assessments Springfield Solar saw fit to challenge in this litigation. The circuit court erred in sustaining Springfield Solar's motion for summary judgment on its claim for a declaratory judgment that the assessments of the Equipment for 2017, 2018, and 2019 were void.

[7] Because this Court is vacating the circuit court's judgment on these grounds, other claims raised by the Assessor and Greene County need not be addressed.